YARRUT, Judge.
This is a suit on two promissory notes, to-talling $10,086.09, payable to Plaintiff, executed and signed by Defendant partnership and the individual partners, as payment for *377 building material purchased from Plaintiff, to be delivered later from Plaintiff’s warehouse, where it was stored, under the custody and control of Plaintiff.
Defendant’s representatives called at the warehouse at various times for the merchandise and, on each occasion were required to give receipts to Plaintiff for the building material delivered. Neither Defendant nor any of its employees had a key to the warehouse, and were permitted to enter and remove the building material only after receipting therefor. Plaintiff produced delivery receipts for only $8,154.67 of the sold building material, thus failing to prove delivery of merchandise valued at $1,931.42.
There is testimony that, on occasions, some of Defendant’s representatives entered the warehouse alone, unaccompanied by Plaintiff’s agents, but there is no proof that they removed any of the building material on such occasions.
Plaintiff, by simply introducing in evidence a negotiable instrument, casts the initial burden on Defendant of specially pleading and proving absence or failure of consideration. However, if Defendant offers proof creating doubt as to the reality of amount of consideration, the presumption that the notes were given for value is rebutted, and the burden of proof then shifts to Plaintiff to prove consideration by a preponderance of the evidence. LSA-R.S. 7:28, “Bills & Notes.” Home Finance Service of Lafayette Parish, Inc. v. Black, La.App., 131 So.2d 547; Eskew v. Walker, La.App., 127 So.2d 210; Trailer Enterprises, Inc. v. Eikenbary, La.App., 122 So. 2d 655; Bernard Bros. v. Dugas, 229 La. 181, 85 So.2d 257; 17 La.Law Rev. 466, 482-83.
 Here it was proved that Defendant and its individual partners executed and delivered the notes to Plaintiff as the purchase price of building material that was not delivered at the giving of the notes, but retained in storage in Plaintiff’s warehouse, under lock and key, in possession of Plaintiff, the material to be delivered to Defendants when called for; that, in delivering the material at intervals to Defendant’s agents, Plaintiff required and obtained a receipt therefor on each occasion. Plaintiff produced its record of receipts for delivery of only $8,-154.67 of the materials, thus casting doubt upon delivery of the remainder valued at $1,931.42. The burden to prove delivery of the remainder of the material valued at $1,931.42 was then shifted to Plaintiff. The only evidence in this regard offered by Plaintiff is that Defendant’s agents were permitted to enter its warehouse unattended and alone, intimating that the remainder of the material was removed on such occasions by such agents, which they had not accounted for to Defendant, thus suggesting theft or embezzlement on their part. Plaintiff’s own office manager testified that, to the best of his knowledge, Defendant’s agents were never alone when they were permitted to enter the warehouse. Therefore, Plaintiff has not borne the burden shifted to it to prove by a preponderance of the evidence delivery of the balance of the material sold to Defendants, such evidence merely creating unconfirmed suspicion.
The lower court rendered judgment for the full face value of the two notes ($10,-086.09 less an admitted credit of $70.08) but, in view of Plaintiff’s failure to prove delivery of the remaining merchandise, valued at $1,861.34, the judgment must be reduced by this amount.
Regarding attorney’s fees, the notes provide only for reasonable attorney’s fees. The lower court allowed 25%. We think the allowance of 25% is too high, and should be reduced to 15%. Hood Motor Co. v. Easley, 165 So.2d 688.
Accordingly, the judgment in solido is reduced to $8,154.67, with interest at 6% per annum on $5,601.77 from September 22, 1960, until paid, and like interest on $2,552.90 from December 22, 1960 until *378 paid, together with 15% of the total of said interest and principle as attorney’s fees; costs in both courts to be paid by Defendants.
Judgment amended 1 and as amended affirmed.