DOMENGEAUX, Judge.
This is a deficiency judgment suit by Cleveland Construction Corporation against the defendant-endorsers and co-sureties on a secured promissory note. After trial on the merits the district court rendered judgment in favor of plaintiff and against the defendants. Joseph C. Thibodeaux and Thibodeaux & Edwards, Inc. have appealed. Grace Porrier Thibodeaux neither appealed nor answered the appeal.
The facts leading up to this suit are as follows: In May, 1960, a partnership agreement was drawn up between W. J. Cleveland (President of Cleveland Construction Corporation) and J. C. Thibo-deaux, whereby Thibodeaux would submit bids on behalf of the plaintiff (in addition to two other corporations) for certain construction projects. If Thibodeaux’s bid for Cleveland was accepted, W. J. Cleveland would thereafter furnish the bond and necessary expenses for the project and Thibo-deaux would manage and construct the projects called for. The agreement also provided that neither W. J. Cleveland nor Thibodeaux were to draw a salary and both were to share on a SO-SO basis in the profits and losses derived from such contracts.
Pursuant to this partnership agreement (but not contained therein) it was also agreed that Thibodeaux would be advanced a sum each month for living expenses. This amount was then debited on the books of the corporation against the anticipated profits for Thibodeaux from each project. Also charged against future profits were other indebtednesses occasioned by Thibo-deaux, i. e., periodic loans, Thibodeaux’s share of life insurance premiums, any losses sustained on projects, etc. At the end of each year any profits on Thibodeaux’s part would be credited against his running account with the corporation and a new amount then would be entered for the following year. By the end of 1969 Thibo-deaux was indebted to the corporation in excess of $40,000.00.
On April 27, 1970, Thibodeaux, his wife, Grace Porrier Thibodeaux, and Thibo-deaux & Edwards, Inc. (through J. C. Thi-bodeaux as President) executed a promissory note (payable to the order of “Ourselves” and endorsed in blank) for the sum of $43,621.49. Said note was secured by a mortgage on certain properties in Acadia Parish. This note was then placed in the hands of the plaintiff — Cleveland Construction Corporation. W. J. Cleveland and his bookkeeper testified that the note was taken by the corporation in consideration of the debt owed it by Thibodeaux at this point in time. Receipt of the note by the corporation, in favor of Thibodeaux’s indebtedness, was indicated on the corporate books. Thibodeaux, on the other hand, alleges that the only reason for execution of the promissory note and mortgage was in order to increase the bonding capacity of Cleveland Construction Corporation. This allegation was not, however, corroborated by any other testimony or evidence introduced at trial.
*787 On the maturity date of the aforementioned note no amount had been paid by the defendants and the plaintiff sought execution on the note. A suit for executory process was subsequently filed and a writ was thereafter issued. Pursuant to said writ the real property described in the mortgage securing the note was seized and sold on September 1, 1971. After deducting for costs, commissions, and first mortgages on the properties, a balance of $7,346.77 was paid to the plaintiff.
This suit for deficiency judgment followed, with plaintiff seeking to collect the balance owed on the promissory note, after applying thereto the proceeds of the judicial sale. Defendants initially filed a general denial to the suit. Thereafter Grace Porrier Thibodeaux, (who was now judicially separated from Joseph C. Thibo-deaux) through another attorney, answered the suit opposing the appraisal as unjust and unfair and alleging lack of consideration for the note. J. C. Thibodeaux and Thibodeaux & Edwards, Inc. later amended their answer also to oppose the appraisal.[1]
Defendants allege failure or want of consideration and the defectiveness of the entire proceedings.
 Negotiable instruments are deemed prima facie to have been issued for valuable consideration and such presumption operates until overcome by other valid evidence. Section 24 of the NIL, Smith v. Louisiana Bank and Trust Co., 272 So.2d 678 (La.1973). The evidence introduced by the defendants herein fails to overcome this presumption.
Likewise, no defect has been shown in the proceedings.
For the above and foregoing reasons the judgment of the trial court is affirmed at defendants-appellants’ costs.
Affirmed.

. These attacks on the appraisal have apparently been dropped by the parties, as noted by the trial judge in his reasons for ruling.