514 So.2d 535 (1987)
A.B. CHENAULT, Plaintiff-Appellee,
v.
C & H ENTERPRISES, LTD. and M.D. Hill, Defendants-Appellants.
No. 86-812.
Court of Appeal of Louisiana, Third Circuit.
September 18, 1987.
*536 Michael Henry, Natchitoches, for plaintiff-appellee.
Charles W. Seaman, Natchitoches, for defendants-appellants.
Before STOKER, DOUCET and KNOLL, JJ.
DOUCET, Judge.
This appeal addresses the issue of whether or not there was valid consideration given for a promissory note.
Plaintiff, A.B. Chenault, and defendant, M.D. Hill, were close friends from 1951 to 1980. In 1976, the parties formed a closely held corporation, C & H Enterprises, Ltd. (C & H), which installed and serviced amusement machines primarily in alcohol beverage outlets. M.D. Hill, his then wife Mac Neva Hill, A.B. Chenault, and his wife Effie Mae Chenault, each owned 25% of the corporation. C & H was also made a defendant to this suit.
Throughout the existence of the business relationship, plaintiff and defendant often borrowed money from each other. These loans were usually not evidenced by a writing of any sort except when relatively large amounts were loaned. On those occasions, one would give the other a check to cover the amount loaned, to be held until repayment of the debt.
In 1980, it was agreed that the defendant would buy out the share of C & H owned by plaintiff and his wife for $20,000. The purchase price included shares of stock and all physical assets of the business. Two promissory notes for $10,000 each were executed by defendant in his individual capacity and in his capacity as secretary-treasurer *537 of C & H. One note was executed on June 20, 1980, the other on June 21, 1980. Both notes were payable to bearer on July 1, 1985. The notes were given to the Chenaults as payment for their share of C & H and a formal act of sale was executed on July 3, 1980.
When the notes became due they were not paid and plaintiff subsequently instituted this suit on September 3, 1985, for payment on the notes, legal interest, and 25% attorney's fees as provided by the terms of the note. Defendant answered on October 3, 1985, and later, on February 12, 1985, filed a reconventional demand seeking a set-off for a $10,000 note dated July 2, 1980, payable to bearer, and allegedly signed by the plaintiff as maker. Several other claims were also cited as a basis for set-off.
Following trial on the merits, judgment was rendered in favor of plaintiff and against defendant for $20,000 together with legal interest and attorney's fees. The trial judge dismissed defendant's reconventional demand finding that no consideration had been given for the July 1980 note signed by the plaintiff. The court found no other basis for a set-off. On appeal, defendant asserts as error only the trial judge's findings regarding his ultimate conclusion that no consideration had been given for the July 1980 note.
The July 1980 note was presented at trial and a copy of it is contained in the record. The note is signed "A.B. Chenault". Plaintiff emphatically denied that he had signed the note and had no idea where it came from. He testified that he only became aware of the existence of the note in connection with this litigation. He also claimed that, at the time of the sale, he was not indebted to the defendant. The last time he owed defendant money, he stated, was in early 1980 and he claimed that he paid that debt ($5,000). That particular debt was evidenced by a check in the amount of $5,000 dated July 25, 1979, written on his account, signed by him, and made payable to the order of the defendant. At the time of trial, he was in possession of the check which had not been negotiated. He stated that defendant returned it to him when he gave the defendant $5,000 in cash. He claimed that he cashed a check for the $5,000 to give to defendant, but could not produce the cancelled check at trial.
Defendant testified that the July 1980 note was given to him by plaintiff in consideration for the $5,000 check which he returned to plaintiff when the note was executed. The balance of the consideration defendant claimed, was a debt for $2,500 and several smaller debts all owed to him by plaintiff. He stated that the debts owed him by plaintiff totaled a "little over $10,000." He flatly denied that plaintiff ever paid him the $5,000 reiterating that the debt was represented by the note. He had no other document or receipt to verify that plaintiff owed him $10,000 because, he stated, "At the time Mr. Chenault took the money I didn't need a receipt because his word was good." He freely admitted executing the two $10,000 notes as payment for plaintiff's share of C & H. He also admitted they were overdue and that he had not paid anything on them. In a letter defendant wrote to plaintiff dated July 15, 1985, defendant acknowledged the $20,000 in notes held by plaintiff and stated that he fully intended to honor them. The letter also mentioned the July 1980 note for $10,000 signed by plaintiff and held by defendant.
Cynthia Hill, defendant's wife at the time of trial, testified that she was present on July 2, 1980, when the note in question was executed. She stated that the plaintiff typed the information on the note form himself and signed it, all in her presence. She also confirmed that plaintiff and defendant often borrowed money from each other evidencing the loans with checks only when the loans involved larger sums.
James Beal, an attorney, drew up the papers for the sale of plaintiff's share of C & H. He also prepared and notarized the two $10,000 notes executed by defendant in connection with the sale. Mr. Beal had done work for C & H in the past but stated that the parties did not like to pay attorney's fees and often entered into transactions *538 on their own. He testified that the July 1980 note was given to him by the defendant for safekeeping "some time" after the sale. He stated that it had been in his file for "a number of years". He could not say it had been there since its stated date July 2, 1980, but perhaps since later that same year.
Mr. Beal could not recall plaintiff ever indicating to him that he owed defendant any money. However, he stated that he found a note written on the outside of defendant's file folder which was introduced in evidence and read:

"A. B. owes on note  orig. $5,000
 2500
 197
 197
 250 thru 7/1/80
__________________________________
 3144.00 "

Asked when he wrote this note, Mr. Beal replied before he was interrupted, "I have no idea. I would presume it was before July 1, 1980, but I couldn't ..." He further stated that he did not think he had written anything on the manila folder since the sale, although he admitted that he continued to represent both plaintiff and defendant in other matters.
Robert G. Foley was qualified as an expert in the field of forensic document examination. He compared the signature on the July 1980 note with six other signatures which the plaintiff admitted at trial were his. Those signatures were found on documents which were dated from 1979 to 1982. The documents were introduced in evidence and labeled as "D-2 in globo." At trial, Mr. Foley painstakingly compared the characteristics of the signature on the July 1980 note with those of the six other signatures. He concluded by stating that "there is no question in my mind that the person who signed the A.B. Chenault signatures on the D-2 documents in globo also signed the A.B. Chenault signature that appears upon D-1." D-1 was the July 1980 note.
Concerning the July 1980 note, the trial judge wrote in his reasons for judgment:
"Considering the $10,000.00 note first, the court does not believe Hill would have executed $20,000.00 in notes to Chenault had Chenault owed him $10,000.00 at the same time. Further, the court does not believe Hill would have waited from September 3, 1985 to February 12, 1986 to reconvene on this note had it been for valid consideration. The evidence indicated that Hill and Chenault had held notes on each other over many years of an ongoing friendship but as to this particular note there is a genuine issue of lack of consideration and the evidence, as a whole, fails to establish the requisite consideration. There is no doubt in the court's mind that Chenault signed the note, but the evidence leads the court to believe it was for another transaction and was raised in this action only as an afterthought setoff defense to the legitimate claim of Chenault."
Initially, we recognize that the finding by the trial judge, that the evidence failed "to establish the requisite consideration", is essentially a finding of fact which this court may not disturb unless, (1) the record evidence does not furnish a reasonable basis for the finding, or, (2) that finding is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The evidence in the record as to why the alleged $10,000 debt owed to defendant by plaintiff was not just cancelled as part of the sale price consisted of a statement by Cynthia Hill that she assumed Mrs. Chenault did not know anything about those loans made by Mr. Chenault. Mrs. Hill testified that some of plaintiff's dealings were not made known to his wife. Mrs. Chenault could only state at trial that she had never seen the July 1980 note nor heard any discussion of it before seeing it at the office of her husband's attorney in connection with this litigation. Defendant testified that he executed $20,000 in notes to plaintiff as payment on the sale price, as opposed to just cancelling out the debt owed him and executing one note for $10,000 because that was the way plaintiff wanted to do it. The finding or conclusion by the trial judge that defendant would not have done this had there been valid consideration given for the note is speculative.
*539 The fact that defendant did not reconvene on the July 1980 note until over four months after he filed his answer does not, we feel, affect the credibility of defendant's testimony or otherwise cast doubt on whether there was consideration for the note. We call attention to the letter from defendant to plaintiff dated July 15, 1985, in which defendant refers to the July 1980 note in his possession. The evidence clearly shows that the note had been in existence, more probably than not, since its stated date. There is no indication in the record as to why defendant waited to file the reconventional demand, but we fail to see how this favors a finding that there was no consideration for the note.
The trial judge had no doubt that plaintiff signed the note but felt that the note "was for another transaction" and raised only "as an afterthrought set-off defense to the legitimate claim of Chenault." Assuming for the sake of argument that this conclusion is correct it has absolutely no bearing on whether or not there was consideration given for the note. If there was consideration given, then these "facts" would not prevent defendant from seeking judgment on the note or using it as a set-off defense.
We find that the July 1980 note is a negotiable instrument under La.R.S. 10:3-104 and is covered under Commercial Laws-Commercial Paper, La.R.S. 10:3-101 et seq. It (1) is signed by the maker, A.B. Chenault; (2) contains an unconditional promise to pay a sum certain in money, $10,000; (3) is payable at a definite time, July 1, 1985; and (4) is payable to bearer under La.R.S. 10:3-111(c).
La.R.S. 10:1-201 defines a holder of a negotiable instrument as a person who is in possession of an instrument drawn or issued to him or his order or to bearer. Being in possession of an instrument drawn or issued to bearer, the defendant is a holder. Under La. R.S. 10:3-301 a holder has a right to enforce payment in his own name. In the July 1980 note, the maker waived presentment for payment, demand, notice of non-payment, and protest. When defendant filed his reconventional demand against the plaintiff, he sought to enforce payment of the note by way of a set-off.
We find, as did the trial judge, that the evidence established that the signature on the July 1980 note was that of the plaintiff, A.B. Chenault. La.R.S. 10:3-307(2) provides:
"(2) When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."
The official Uniform Commercial Code Comment to this subsection of 10:3-307 states:
"2. Subsection (2) is substituted for the first clause of the original Section 59. Once signatures are proved or admitted, a holder makes out his case by mere production of the instrument, and is entitled to recover in the absence of any further evidence. The defendant has the burden of establishing any and all defenses, not only in the first instance but by a preponderance of the total evidence. The provision applies only to a holder, as defined in this Act (Section 1-201). Any other person in possession of an instrument must prove his right to it and account for the absence of any necessary indorsement. If he establishes a transfer which gives him the rights of a holder (Section 3-201), this provision becomes applicable, and he is then entitled to recover unless the defendant establishes a defense." (emphasis added)
Want of consideration is a defense against a holder seeking to enforce payment on a note. La. R.S. 10:3-408. An antecedent or pre-existing obligation is sufficient consideration for a promissory note. See La.R.S. 10:3-408.
Defendant was entitled to recover $10,000 from plaintiff, or in this case receive a set-off, once he proved that the signature on the July 1980 note was that of the plaintiff. He proved this. Plaintiff could then escape liability on the note only by establishing by a preponderance of the total evidence that there had been no consideration for the note. This burden was on the plaintiff, a party whose credibility *540 was completely destroyed by the testimony of the forensic document examiner which clearly established that plaintiff had in fact signed the note. We feel the testimony of plaintiff, that he paid the defendant $5,000 in cash and did not owe him anything else, is not worthy of consideration.
On appeal, plaintiff asserts that it was defendant's credibility which was eroded by evidence adduced at trial and therefore his testimony should not be believed. This claim is premised on evidence that the defendant backdated his purchase of C & H stock, did not list as a community asset in his possession the July 1980 note in connection with a property settlement with Mac Neva Hill, and signed her name to a document in connection with his purchase of the C & H stock. We note however, that defendant did not list as a community liability the $20,000 in notes given as payment for the stock and that under the terms of the community property settlement, defendant received C & H in full ownership, with all accompanying assets and liabilities. Mac Neva Hill testified at trial and did not complain of any loss or inconvenience incurred by her in connection with any of these actions by defendant. We find this evidence has no detrimental effect on defendant's testimony concerning the note in question.
In view of the testimony of Mr. Foley, the defendant, Cynthia Hill, and Mr. Beal, as well as the other evidence, we find that plaintiff, A.B. Chenault, failed to establish by a preponderance of the total evidence that there was no consideration for the July 1980 note that was the subject of defendant's reconventional demand. The finding by the trial court to the contrary was clearly wrong.
Accordingly, we find that the defendants are entitled to a set-off or compensation in the amount of $10,000, the amount of the July 1980 note, against the $20,000 owed by them to plaintiff.
For the reasons assigned the judgment of the trial court is reversed in part, amended in part, and recast to read as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that the total indebtedness owed by C & H Enterprises, Ltd. and M.D. Hill, individually, to A.B. Chenault be reduced to $10,000.00 as a result of the $10,000.00 set-off in favor of C & H Enterprises, Ltd. and M.D. Hill, individually.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there be and hereby is judgment in favor of A.B. Chenault and against C & H Enterprises, Ltd. and M.D. Hill, individually, in the amount of $10,000 together with legal interest from September 3, 1985 until paid and attorney's fees in the amount of 25% of the principal and interest.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be and hereby is judgment in favor of A.B. Chenault and C & H Enterprises, Ltd. and M.D. Hill, individually for legal interest on $10,000 from September 3, 1985 to February 12, 1986 and attorney's fees in the amount of 25% of that interest.
All costs of this appeal are assessed against plaintiff-appellee.
REVERSED IN PART, AMENDED IN PART, AND RECAST.