613 So.2d 797 (1993)
George T.B. WILLIAMSON, Jr.
v.
Jeff GUICE.
No. 92-CA-0569.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 1993.
Rehearing Denied March 10, 1993.
Writ Denied May 14, 1993.
*798 Jerald N. Andry, Gilbert V. Andry, III, Gilbert V. Andry, IV, New Orleans, for appellant.
Hugh D. Aldige, Metairie, for appellee.
Before SCHOTT, C.J., and BARRY and PLOTKIN, JJ.
PLOTKIN, Judge.
This appeal arises out of a suit on a promissory note in the sum of $16,500 and a questionable partnership arrangement between the plaintiff, George Williamson, and defendant Jeff Guice. The trial court held the defendant liable for $4,700 plus costs. The plaintiff appeals. The defendant waived his cross appeal. We affirm.

FACTS:
In 1983, Williamson and Guice entered into a partnership agreement.[1] It was agreed that Williamson would loan Guice capital to start an automobile magazine which advertised vehicles for sale in the Washington, D.C. area. Guice would provide the expertise and labor. In order to *799 guarantee the money loaned to him, Guice signed two $6,000 promissory notes on October 17, 1983 payable to Williamson plus 12% interest and 33% of the attorney's fees necessary to collect the notes. The business venture produced four issues of the magazine, then folded in May of 1984. Attempts to collect the amounts due on the two promissory notes were unsuccessful.
On October 10, 1987, Guice signed another promissory note in the amount of $16,500 which provided for 10% interest per annum and 100% of the attorney's fees necessary to collect the amount due on the note. Attempts to collect on this note were also unsuccessful. In 1989, Williamson filed suit to collect on the 1987 promissory note.
Guice filed an answer, denying the allegations, and a reconventional demand claiming that as a partner Williamson owed monies for the losses sustained by the partnership. Later, Guice filed a supplemental answer alleging the two affirmative defenses; disavowal of signature and setoff because Williamson agreed to share in the losses of the partnership. Thus, Guice claims that he is entitled to reimbursement for the expenses he incurred for the benefit of the partnership.
At trial, the court held over objection that Guice could introduce evidence which showed that he never received consideration for the 1987 note although he did not specially plead the affirmative defense of "failure of consideration." Evidence, in the form of wire transfers, was introduced which showed that Williamson had sent $9,400 to Guice while Guice was in Washington, D.C.
Despite introducing no evidence of such loans, Williamson testified that he had loaned Guice $22,000. The 1987 promissory note was made to represent the amounts loaned; discounted by $5,500. The trial court found that only the $9,400 was in dispute and disregarded the face amount of the promissory note. Additionally, the trial court found that, as a partner, Williamson was only due half of the $9,400 and awarded him $4,700. The trial court made no specific ruling on the validity of the note or the defendant's obligation under it. The trial court did, however, state that it believed that the defendant had signed the 1987 note.
The plaintiff appeals the following assignments of error: (1) the trial court was in error when it held, over objection, that evidence concerning the affirmative defense of "failure of consideration" was admissible at trial although the affirmative defense was not pleaded by the defendant; (2) the trial court erred by considering unliquidated damages to setoff liquidated damages; (3) the trial court erred by not considering evidence of the defendant's veracity which the plaintiff claims is very important when inquiring into whether the defendant signed the note.

SIGNATURE:
Guice alleged in his pleadings and testified at trial that the signature on the note was not his. However, at trial William Kerney testified that he accompanied Guice to the Hofbrau House where Guice met with Williamson on October 10, 1987. Kerney stated that although he did not see Guice sign the note, immediately after Guice met with Williamson, Guice told Kerney that the note did not matter because he signed it with his wrong hand. After hearing this testimony and Williamson's testimony that he witnessed Guice sign the note, the trial court was satisfied that Guice had indeed signed the 1987 promissory. After reviewing the record we are also satisfied that Guice signed the 1987 promissory note. Whether he signed the note with his opposite hand is immaterial as a signature may be any representation of a person's willingness to be bound. "A signature is made ... by any word or mark used in lieu of a written signature." LA-R.S. 10:3-401(2). Guice obligated himself in writing by signing the promissory note.

THE 1987 PROMISSORY NOTE:
The plaintiff argues that the trial court was in error when it allowed evidence of failure of consideration to be introduced when such a defense is an affirmative defense which was not specially pleaded by the defendant as is required un La.C.Civ.P. *800 art. 1005. However, in this, the plaintiff is mistaken. In Smith v. Louisiana Bank & Trust Co., 272 So.2d 678 (La.1973), the Louisiana Supreme Court noted the difference between the affirmative defense of failure of consideration and the defense of want of consideration. The former "concedes that there was consideration for the instrument in its inception, but alleges that the consideration has wholly or partially ceased to exist." Id. at 683. The latter defense, however, asserts that consideration was not given for the note. Thus, the defendant is merely producing evidence which rebuts the plaintiff's contention that consideration was given for the note. "An affirmative defense or special plea is not necessary to permit the introduction of evidence which tends to rebut evidence introduced by the plaintiff in the proof of his case." Id. at 683. In the instant case, the defendant is not claiming that consideration existed at the time the note was issued but then later failed. Instead, he argues that the plaintiff only contributed $9,400 to partnership. Thus, there was insufficient consideration for the $16,500 note.
Negotiable instruments are deemed prima facie to have been issued for valuable consideration. Cleveland Const., Corp. v. Thibodeaux, 307 So.2d 785 (La. App. 3d Cir.1975). Once the signature of the defendant is proven the burden of proof shifts to the defendant to show that the note was given without consideration. Chenault v. C & H Enterprises, Ltd., 514 So.2d 535 (La.App. 3d Cir.1987). However, once evidence has been introduced to rebut the presumption of consideration the burden of proof shifts back to the plaintiff to show, by a preponderance of the evidence, that there was consideration. Fontenot v. Estate of Vidrine, 401 So.2d 584 (La.App. 3d Cir.1981); Moore Steel, Inc. v. Clear Lite Window, Co., 178 So.2d 376 (La.App. 4th Cir.1965); Succession of Galiano, 195 So. 377 (La.App.Orl.1940).
The trial judge found that Guice had signed the 1987 note. With the signature of Guice proven, the burden of proof was on Guice to show that no consideration was given for the note. To carry this burden of proof Guice produced wire transfers which showed that Williamson had sent $9,400 to Guice in Washington, D.C. Williamson on the other hand produced no evidence whatsoever of the $22,000 that he claims he loaned Guice. He produced no cancelled checks, cash receipts, nor one scintilla of evidence which shows that more than $9,400 was ever given to Guice. Therefore, Guice has successfully rebutted the presumption that adequate consideration for the 1987 promissory note was given. Williamson, however, failed to carry his burden of proving that consideration in the amount of the note was actually given to Guice. The note is, therefore, null for want of consideration.
The trial court's finding that $9,400 is the amount in dispute and its disregard of the promissory note will not be disturbed. Additionally, because this court finds the promissory note to be null for want of consideration, the plaintiff's claim that the evidence of the defendant's veracity should have been admitted to prove that he signed the note is moot.

LIQUIDATED VERSUS UNLIQUIDATED DAMAGES:
The plaintiff also argues that the trial court was in error when it allowed the defendant to setoff his liability to the plaintiff by asserting unliquidated damages against liquidated damages. A liquidated debt is one that is for an amount which is capable of ascertainment by mere calculation. An unliquidated debt, however, is one that may exist but is not yet quantifiable. In order for the defendant to claim compensation under La.C.C. art. 1893, both the debt of the plaintiff and his debt must be liquidated. American Bank v. Saxena, 553 So.2d 836 (La.1989)
The plaintiff asserts that he has a liquidated debt, in the form of the promissory note, for $16,500. Thus, the defendant's claim of setoff cannot be asserted against the debt unless the defendant can show that the plaintiff owes a liquidated debt. While the plaintiff correctly states the law on this issue, he misconstrues the trial court's ruling. The trial court never *801 took into consideration the amounts due on the promissory note. Thus, it never setoff a liquidated debt with an unliquidated debt. The trial court properly disregarded the note for want of consideration. The trial court then focused on the only amount shown to be in dispute between the partners, which was $9,400. The court also found that a partnership existed which provided for the partners to share equally in the profits and losses. Thus, the court awarded half of the $9,400 to Williamson. We find no error in the trial court's ruling.

CONCLUSION:
For the foregoing reasons the decision of the trial court is affirmed.
SCHOTT, C.J., concurs.
SCHOTT, Chief Judge, concurring.
Plaintiff sued defendant on a note dated October 10, 1987, for $16,500. Defendant responded with a general denial. At trial defendant denied his signature on the note and he asserted that he got nothing of value for the note anyway. C.C.P. art. 1006 allows alternative defenses even though based upon inconsistent or mutually exclusive facts.
The trial court readily and properly rejected defendant's claim that he did not sign the note. The remaining issue was whether defendant personally received anything of value for signing the note. Having denied that he did, it was plaintiff's burden to show that he did.
Plaintiff and an attorney friend testified that the 1987 note was obtained as a substitute for two 1983 notes in order to prevent the extinguishment of the claim by prescription. Defendant testified that these 1983 notes were given as evidence of an obligation owed to plaintiff by a partnership between the parties, but that he was not personally indebted to plaintiff. He stated that the $9,400 sent by the plaintiff in connection with these notes was for the sole benefit of the partnership pursuant to the agreement between them.
Plaintiff testified that he in fact sent plaintiff $22,000 and that the defendant agreed to be personally bound when he signed the 1983 notes. He stated that the only records he could find were the records of the $9,400 he sent to defendant.
At the end of the trial the judge gave extensive reasons for judgment noting that the testimony contained conflicts which had to be resolved. In the allocation of judicial responsibility it is the function of the trial court to resolve such conflicts in testimony and to make findings of fact. His findings that plaintiff advanced but $9,400 to the partnership and not to the defendant for his personal use are not manifestly erroneous and because, in large measure, it is based upon conflicting testimony, it must be accepted by this court.
This is not to say that I would decide the case in the same way if I could conduct a de novo review. When the defendant signed the 1987 promissory note, he acknowledged the previous debt. When he denied his signature and testified that he had no recollection of ever seeing the note, proof that he signed the note should be the end of his case. But the evidence concerning the 1983 notes and their relationship to the note sued upon was properly before the court. I feel compelled to accept the trial judge's resolution of the conflicts in the testimony concerning those notes even though I would have decided the case differently had I been the trial judge.
NOTES
[1] The pleadings and evidence raise the issue of whether a partnership existed between the parties. However, the parties do not assign this as an issue on appeal. The trial court found that a partnership existed.