h JASMINE, Judge, Pro Tempore.
The defendant-appellant, Vincent Manal-la, appeals from a judgment in favor of the plaintiff-appellee, Gwyndolyn Azaretta, enforcing the payment of a promissory note executed by the defendant. At trial, Mr. Manalla claimed the note was unenforceable for failure of consideration. However, the trial judge entered judgment for the plaintiff, finding that the defendant had acknowledged a natural obligation by -executing the note. For the following reasons, we affirm.

FACTS

Gwyndolyn Azaretta and Vincent Manal-la’s long-standing personal relationship evolved into a business relationship when Mr. Manalla encouraged her to invest in his fledgling insurance company, Alfa Financial Group, Inc. (“Alfa”). On September 25,1992, Ms. Azaretta cashed in nearly $63,000.00 from htwo annuities and purchased 400 shares in Alfa for $54,000.00.[1] Shortly thereafter, the company became *181 defunct, and Ms. Azaretta never saw a return on the money she invested in Alfa.
In May of 1996, Mr. Manalla paid Ms. Azaretta $800.00. The following month, he paid Ms. Azaretta another $800.00. On February 26,1997, Mr. Manalla executed a demand promissory note for $61, 224.85 in favor of Ms. Azaretta. The note included interest at the rate of nine percent, attorney’s fees, and court costs. However, Mr. Manalla never made any payments on the note after the note was executed.
On April 24,1997, Ms. Azaretta filed suit against Mr. Manalla demanding full payment on the promissory note. At trial, Mr. Manalla claimed that the two $800.00 payments were merely gratuitous efforts to assist Ms. Azaretta financially, since she had lost all the money she had invested in Alfa. Mr. Manalla explained that he regretted that the failed business caused Azaretta to lose her investment. Mr. Ma-nalla said that he executed the promissory note at the insistence of Ms. Azaretta’s son to make her “feel better.” However, Mr. Manalla testified that while he signed the note, he never intended to pay it.
To the contrary, Ms. Azaretta, her son, and daughter, testified that Mr. Manalla had repeatedly expressed his desire to repay the money Ms. Azaretta lost when the company failed. Following a bench trial, the trial judge found that Mr. Manalla had acknowledged a natural obligation to pay the .debt owed to Ms. Azaretta, which formed the consideration for the promissory note.
I ¿DISCUSSION
In his sole assignment of error, Mr. Manalla contends that the trial judge erred in finding that he acknowledged a natural obligation by executing the note. While Mr. Manalla recognizes that a natural obligation may serve as consideration for a promissory note, he claims that he did not intend to acknowledge any debt owed to Ms. Azaretta. Thus, according to the defendant, the note was unenforceable due to the lack of consideration.
In a suit for the collection of a promissory note, the plaintiffs production of the note sued upon makes the plaintiffs case. Once the note is introduced into evidence, the burden of proof shifts to the defendant to establish the nonexistence, extinguishment, or variance in payment of the obligation. Merchants Trust & Sav. Bank v. Don’s Int’l, Inc., 538 So.2d 1060, 1061 (La.App. 4 Cir.1989).
In this case, it is undisputed that Manal-la had no civil obligation to reimburse Azaretta’s financial losses she suffered when Alfa failed. Nevertheless, Manalla executed a demand note in Azaretta’s favor for $61,224.85, which closely approximated the total amount of the annuities she cashed in to invest in the company, plus the surrender fee. Once Azaretta produced the note and Manalla admitted he signed the note, Manalla had the burden to show the note was unenforceable due to the absence of consideration. Chenault v. C & H Enter., Ltd., 514 So.2d 535, 539 (La.App. 3 Cir.1987). According to Manalla, the trial judge was manifestly erroneous in concluding that he acknowledged a natural obligation by executing the promissory note.
A natural obligation may serve as consideration or cause for a civil obligation. See, LSA-C.C. art. 1761; Thomas v. Bryant, 25,855 (La.App. 2 Cir. 6/22/94), 639 So.2d 378, 380. According to LSA-C.C. art. 1760, a natural obligation “arises from circumstances in which the law implies a particular moral duty to render a performance.” However, not every moral duty will give rise to a | ¿natural obligation. See, LSA-C.C. art. 1762, comment (b). In Thomas v. Bryant, the court recognized that the following requirements must be satisfied in order for a moral duty to constitute a natural obligation:
(1) The moral duty must be felt towards a particular person, not all persons in general.
*182 (2) The person involved feels so strongly about the moral duty that he truly he feels he owes a debt.
(3) The duty can be fulfilled through rendering a performance whose object is pecuniary.
(4) A recognition of the obligation by the obligor must occur, either by performing the obligation or by promising to perform. This recognition brings the natural obligation into existence and makes it a civil obligation.
(5) Fulfillment of the moral duty must not impair the public order.
Id. at 380 (citing Litvinoff, The Law of Obligations § 2.4, 5 Louisiana Civil Law Treatise (1992)).
In Thomas, the defendants, Mr. and Mrs. Bryant, jointly executed a promissory note in favor of the plaintiff. At that time, David Thomas, the 21-year-old son of the plaintiff and Mrs. Bryant, was in a hospital because of alcohol and drug abuse problems. The amount of the note represented one-half of the medical bill owed to the hospital. After unsuccessfully demanding payment of the note, plaintiff sued Mr. and Mrs. Bryant, who were divorced at the time of the suit. At trial, Mr. Bryant, like defendant herein, asserted that the note was unenforceable due to the absence of consideration. However, the trial court found, and the appellate court affirmed, that Bryant, as David Thomas’ friend and stepfather, specifically intended to fulfill a duty of natural justice and that this natural obligation was the legal cause for the note’s execution. Id. at 380-381.
In the instant case, the trial court found that Mr. Manalla, who was Ms. Azaretta’s long-standing family friend, felt a moral duty to pay for Azaretta’s | ..¿financial losses and that this moral duty met the requirements of a natural obligation. According to Manalla, he executed the note voluntarily, not out of any sense of obligation, duress, financial, or otherwise. He made the note payable to Azar-etta specifically. Furthermore, the object of Manalla’s performance, the sum of $61,-224.85, has a pecuniary value. Manalla recognized his obligation by promising to pay the amount. Finally, fulfillment of Manalla’s duty is not such that it would impair the public order.
As the Thomas court observed, the determination of whether a moral obligation constitutes a natural obligation is a factual matter. Id. at 380. The trial court herein decided issues of credibility in favor of Ms. Azaretta and against Mr. Manalla. A review of the record reveals that the trial court’s factual findings are supported by the record and in the absence of manifest error, we will not disturb those findings. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For the foregoing reasons, the trial court’s judgment is affirmed. Costs of this appeal are assessed against Mr. Manalla, the defendant-appellant.

AFFIRMED.

. To obtain the purchase, Azaretta cashed in two annuities that had a value of $17,647.06 and $45,177.79, respectively. Due to a surrender fee for terminating the annuity, the actual amount of funds received by Azaretta totaled $54,341.91. Azaretta exchanged this amount of money for 400 shares (40 percent) in Alfa.