Dear Representative Smith:
You have requested that this Office reexamine our recent opinion, La. Atty. Gen. Op. No. 06-0184, with an eye towards analyzing the effects of the opinion on the "consideration" of the deed that underlies the original and the present request.
As an initial matter, we must point out that our previous opinion, as with all other opinions of this Office, is just that, a legal opinion. It is not a judgment of a court and does not purport to be such. We are of the opinion that contractual disputes related to this matter are properly before a district court as a declaratory judgment action. Such an action will provide an enforceable court judgment as to the rights and duties of each party to the deed — something for which an opinion from this Office related to factual matters can never substitute.
It should be made clear that the conclusion of the previous opinion, as well as that of another opinion on tax exemptions recently issued by this Office, La. Atty. Gen. Op. No. 06-0330, was aimed at one matter: Can exemptions be made in the absence of a grant to that effect by the Legislature. In those previous opinions, and again here, we opined that they cannot. It is not the place of this Office to opine as to the specifics of contract disputes. As noted above, that is a matter best reserved for the courts.
With that in mind, however, we do feel it necessary to clarify that, the "consideration" noted in your opinion request, under the civil law of Louisiana, does not exist. See, La. C.C. Art. 1967. Consideration is a common law contracts term that does not always comport with the concept of cause under the Louisiana law of obligations. Saul Litvinoff, THE LAW OF OBLIGATIONS IN THE LOUISIANA JURISPRUDENCE, 5th ed., 105 (Center for Civil Law Studies 2000). Different rules apply when considering whether the cause of an obligation has failed as opposed to the consideration of a contract.
We do not know if the cause of Mr. Carlino's right-of-way deed was a perpetual exemption from all types of taxation or if it was a more benevolent desire to see *Page 2 
Catherine Street extended for the benefit of the citizens of Patterson. Under Louisiana law, the latter can represent a valid cause for a natural obligation which, when acted upon (in this case through the execution of the deed), becomes a valid conventional obligation. La. C.C. Arts. 1760 1761. See also, Azaretta v. Manalla, 768 So. 2d 179,181 (La.App. 5 Cir., 2000).
In conclusion, we here reaffirm our previous opinion, La. Atty. Gen. Op. No. 06- 0184. Further, we recommend that the City of Patterson seek a declaratory judgment on the impacts of such assessments on the right-of-way deed to test the sufficiency of the cause of that instrument.
We hope this sufficiently clarifies our previous opinion and assists in further elucidating the original opinion request. However if we may be of further assistance please do not hesitate to contact our office.
Very Truly Yours,
 CHARLES C. FOTI, JR. Attorney General
 By:_______________________ RYAN M. SEIDEMANN Assistant Attorney General