597 So.2d 1065 (1992)
Jerald D. THOMAS, Plaintiff-Appellee,
v.
Myles C. BRYANT and Theresa I. Bryant, Defendants-Appellants.
No. 23,409-CA.
Court of Appeal of Louisiana, Second Circuit.
April 8, 1992.
*1067 Bodenheimer, Jones, Klotz & Simmons by James P. Bodenheimer, Shreveport, for defendants-appellants.
Ronald J. Miciotta, Shreveport, for plaintiff-appellee.
Before SEXTON, NORRIS and VICTORY, JJ.
NORRIS, Judge.
Appellee Jerald D. Thomas, the payee of a promissory note executed by appellant Myles C. Bryant and his former wife, moved for and was granted summary judgment against Bryant. We find that genuine issues of material fact exist on this record which render the case inappropriate for summary judgment. We therefore reverse and remand for further proceedings.

FACTS
In February 1989, Myles Bryant and his wife, Theresa Iona Bryant, jointly executed a promissory note for $5750 plus interest payable to Jerald Thomas. Monthly installments were due beginning April 1, 1989; the balance was due in full on default of two months' payments at the holder's option. The dollar amount of the note is approximately one-half of a medical bill which Thomas owed to Charter Forest hospital, where his 21-year-old son, David, was treated in January and February 1989 for alcohol and drug abuse. Iona Bryant is David's mother.
Thomas filed suit on November 28, 1989, alleging that he was the holder of the note and that the full amount was due, as no payments had ever been made on it.
Bryant answered, asserting that he and Iona Bryant were judicially separated November 9, 1989, and alleging that he received no consideration for executing the note and thus had no obligation to pay it. Bryant further claimed that Thomas had already made other financing arrangements when he approached Bryant and that his failure to disclose these arrangements to Bryant constituted fraud. Lastly, Bryant contended that he and his wife agreed to pay one-half of the cost of David's treatment only on the condition that Thomas would restrict the boy's use of the car to attending "after care" meetings and getting a job. It was pursuant to this agreement that Bryant executed the note. Bryant asserted that Thomas's failure to honor the conditions rendered any obligation to pay the note without effect.
The trial court confirmed a default judgment against Iona Bryant for the full sum of the note plus interest and costs on April 2, 1990. Thomas then moved for summary judgment against Myles Bryant, which Bryant opposed, claiming that Thomas admitted in deposition that he gave no consideration for the note; as such, a question of fact existed as to whether or not there was sufficient cause for Bryant to execute the note. He also urged that Thomas failed to live up to the agreed-upon conditions.
In an opinion filed May 24, 1991, the trial court concluded that Iona Bryant had a moral obligation to pay for her son's hospitalization, but Myles Bryant did not. However, the court found that when Bryant voluntarily obligated himself, he created a moral obligation to his wife and a legal obligation to third persons "as would be the case if he voluntarily obligated himself for the payment of any of his wife's separate debts." R. p. 71. The judgment reflecting this opinion was signed June 14, 1991.
On appeal, Bryant urges in the first of two assignments that the trial court erred in finding a moral obligation as consideration for the note. His second assignment challenges the court's failure to find that issues of material fact existed as to his allegations of fraud and nonperformance of the conditions of the agreement.

APPLICABLE LAW
Unless specifically denied in the pleadings, each signature on a negotiable instrument is deemed admitted. La.R.S. 10:3-307. As Bryant made no attempt to deny the validity of his signature on the note at issue, he is deemed to have admitted that the instrument was signed as alleged.
*1068 Once the holder of a promissory note proves the maker's signature, or the maker admits it, the holder has made out his case by mere production of the document and is entitled to recover in the absence of any further evidence. R.S. 10:3-307(2); U.C.C. comment 2.
As between the parties to an instrument, the defendant may assert all defenses that would be available in an action on a simple contract, including want or failure of consideration and nonperformance of any condition precedent. R.S. 10:3-306(b) and (c); Ouachita Nat. Bank v. Gulf States Land & Development, Inc., 579 So.2d 1115 (La.App.2d Cir.), writ denied 587 So.2d 695 (1991). Parol evidence is admissible between the parties to the instrument to show fraud, mistake, illegality, want or failure of consideration, to explain an ambiguity when such explanation is not inconsistent with the written terms, or to show that the writing is only a part of an entire oral contract between the parties. Scafidi v. Johnson, 420 So.2d 1113 (La.1982); Ouachita Nat. Bank, supra.
Summary judgment is the appropriate procedural device to enforce a negotiable instrument when the defendant establishes no defense against enforcement. American Bank v. Saxena, 553 So.2d 836 (La.1989). However, summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Watson v. Cook, 427 So.2d 1312 (La.App.2d Cir. 1983). When the court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in affidavits and attached exhibits, reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981).

DISCUSSION
Bryant alleged lack of consideration and other defenses both in his answer to the original petition and the deposition filed with his opposition to summary judgment. Thomas does not contend that he gave consideration for the note, but instead argues that it was Bryant's burden to prove the affirmative defenses of fraud or lack of consideration, citing Brass v. Minnieweather, 468 So.2d 611 (La.App.2d Cir. 1985), which involves a suit on a promissory note using ordinary process. However, the mover for summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact; any doubt as to the existence of such an issue must be resolved against granting the motion. Industrial Sand & Abrasives, Inc. v. Louisville & Nashville R.R. Co., 427 So.2d 1152 (La.1983).
Thomas argues that the trial court was correct in finding that a "legal and moral obligation" to help his wife with her son's medical bills served as Bryant's consideration for executing the note.
In the context of negotiable instruments, consideration is "what the obligor has received for his obligation"; it is important in determining whether the obligor's promise can be enforced against him. R.S. 10:3-408, U.C.C. comment 1. Reference to the Civil Code provisions on obligations is appropriate in this case, as the U.C.C. articles do not displace other statutes under which a promise is enforceable. R.S. 10:3-408.
An obligation cannot exist without a lawful cause. La.C.C. art. 1966. Cause is the reason a party obligates himself. C.C. art. 1967. A natural obligation arises from circumstances in which the law implies a particular moral duty to render a performance. C.C. art. 1760. While such an obligation is not enforceable by judicial action, a contract made for the performance of a natural obligation is onerous. C.C. art. 1761. In such cases, the natural obligation is the cause which renders the promise to perform enforceable.
The code provides several examples of circumstances giving rise to a natural obligation, such as when a civil obligation has been extinguished by prescription or *1069 discharged in bankruptcy. See art. 1762. Bryant argues that because none of the circumstances listed in the article exist in this case, the trial court erred in finding cause sufficient to support his obligation to pay the note. However, the circumstances listed in art. 1762 are illustrative rather than exclusive. C.C. art. 1762, Revision Comment (b); Coffey v. Coffey, 554 So.2d 202 (La.App.2d Cir.1989).
Nevertheless, only a "legally recognized" moral duty gives rise to a natural obligation. La.C.C. 1760 Revision Comment (e). Professor Saul Litvinoff explains the distinction as follows:
The moral duty must be one of justice and not of simple charity. This presupposes that the obligor and the obligee in a natural obligation must have been involved in some relationship resulting from family ties, a contract, or any related situation. It is this background which allows a distinction between natural obligation, which is a duty of natural justice, and donation, which is a duty of charity. 1 Litvinoff, Obligations § 320 in 6 Louisiana Civil Law Treatise 567 (1969).
Thus, to find that an obligation is based on a natural obligation is to find that it is not a donation. Smith, "A Refresher Course in Cause," 12 La.L.Rev. 2, 17 (1951).
A moral duty may be a natural obligation and serve as the cause of an enforceable civil obligation if it meets the following criteria:
(1) It must be owed by one particular person to another predetermined person, and not to anybody in general (as the duty of charity, which is owed to whoever is in need).
(2) Its fulfillment must be susceptible of pecuniary evaluation. 1 Litvinoff, supra, § 354.
Under certain circumstances, a duty to assist others may be a "duty of natural justice," or a natural obligation. Id., § 320, fn. 95.
However, because the issue of whether there is a natural obligation arises only after the debtor has voluntarily performed or, as in this case, promised to perform by executing a note, the question of his intent in doing so is critical:
It is only because he felt that he was obeying the dictates of conscience that the act he performed is attached to the idea of obligation and not of liberality. His belief in the existence of the moral duty is, therefore, as important as the reality of it. 1 Litvinoff, supra, § 320.
In Stoll v. Goodnight Corp., 469 So.2d 1072 (La.App.2d Cir.1985), this court held that a natural obligation arose where a party intended to fulfill a duty of conscience by reimbursing her former employer for the losses it sustained when she accepted a bad check. In the instant case, Bryant's intent or motivation in signing the note is a critical question of fact.
Thomas cites Coffey v. Coffey, supra, in which a husband sought to recover alimony payments made to his former wife even though the divorce decree did not award alimony. This court found that the husband had a natural obligation to assist his former wife, who was in necessitous circumstances at the time of the divorce; thus, the husband could not recover the money he paid in performance of that natural obligation. The opinion devotes considerable attention to the question of the husband's understanding of his duty to assist his wife. This court noted that the husband had "specifically agreed" to pay alimony; even though this agreement was omitted from the judgment, the husband clearly perceived a duty to make the payments and, having done so, could not recover them.
We also note that the relationship of step-parent to adult step-child is more attenuated than that which exists between former spouses. We do not hold that a step-parent is generally under a natural obligation to assist a major step-child with medical expenses, or to help his or her spouse with such expenses; it is possible, however, that evidence adduced at a trial on the merits of this case might reveal that this step-father felt a "duty of natural justice" to assist his step-son, or to help his *1070 wife do so, under the circumstances present here.
The depositions on record simply do not resolve this particularly subjective factual issue. Generally, a motion for summary judgment is not suitable for disposition of cases requiring a judicial determination of subjective facts such as motive, intent, good faith or knowledge. Penalber v. Blount, 550 So.2d 577 (La.1989); Ouachita Nat. Bank, supra. We thus find merit in Bryant's first assignment.
Moreover, Bryant alleged and later testified in deposition that Thomas had agreed to Bryant's conditions, but had failed to perform as promised. Thomas's only response to these allegations was simply to deny them in deposition. The weighing of conflicting evidence has no place in summary judgment procedure. Ouachita Nat. Bank, supra. It is not the function of the trial court on a motion for summary judgment to determine or even to inquire into the merits of the issues raised; summary judgment should not be granted even if the trial court has grave doubts as to a party's ability to establish the disputed facts. Id. Given the conflicting deposition testimony as to whether Thomas agreed to Bryant's conditions and, if so, whether Thomas complied with those conditions, we find merit in Bryant's second assignment.
As questions of material fact remain unresolved as to this issue as well as to Bryant's claim of lack of consideration, we find that the trial court improperly granted summary judgment. We therefore reverse and remand the case for further proceedings. Costs of this appeal are assessed against Jerald Thomas.
REVERSED AND REMANDED.