772 So.2d 237 (2000)
Ray Louis FAUCHEUX, Jr.
v.
Amy Corrao FAUCHEUX.
No. 00-CA-20.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2000.
*238 Crystal L. Craddock-Posey, New Orleans, Louisiana, for plaintiff-appellant, Ray Louis Faucheux, Jr.
Juan A. Byrd, Luling, Louisiana, curator ad hoc for minor child, C.C.F.
(Court composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr. and JAMES L. CANNELLA).
GRISBAUM, Judge.
Plaintiff-appellant, Ray Louis Faucheux, Jr., appeals the trial court's judgment granting defendants-appellees' (Amy Corrao Faucheux and Carley Faucheux) exceptions of prescription, no cause of action, and no right of action. We reverse.

ISSUE
We are called upon to determine the following:
1) What is the prescriptive period for filing an action to annul an acknowledgment by a non-biological parent?
2) Does a non-biological parent have a right of action to annul an acknowledgment of paternity and does Ray Faucheux have a cause of action to annul the acknowledgment of paternity of Carley Faucheux he signed?

FACTS AND PROCEDURAL HISTORY
Ray and Amy Faucheux were married on November 17, 1994. At the time they were married, Amy had a daughter from a previous relationship, Carley Corrao Faucheux. During the course of their marriage, Ray signed an Acknowledgement of Paternity of Carley, knowing he was not the child's biological father. He alleges that he signed the acknowledgement only because Amy threatened to take Carley and their son, Colin Faucheux, to Wisconsin with her.
Mr. Faucheux alleges in his petition to disavow paternity or to void acknowledgement that it is impossible for him to be Carley's biological father because he did not meet Ms. Faucheux until after Carley was born. He also alleges that he signed the acknowledgement under fraud and duress. The defendants filed an exception of prescription, no cause of action, and no *239 right of action. The trial court granted all three exceptions and dismissed the plaintiff's case. Plaintiff appeals.

LAW AND ANALYSIS ISSUE ONE
The appellant first contends that the trial court erred in finding that his action to annul the acknowledgment of paternity of Carley has prescribed.
La. R.S. 9:392(7) provides:
(7)(a) A party who executed a notarial act of acknowledgment may rescind the act, without cause, before the earlier of the following:
(i) Sixty days after the signing of the act, in a judicial hearing for the limited purpose of rescinding the acknowledgment.
(ii) A judicial hearing relating to the child, including a child support proceeding, wherein the affiant to the notarial act of acknowledgment is a party to the proceeding.
(b) Thereafter, the acknowledgment of paternity may be voided only upon proof, by clear and convincing evidence, that such act was induced by fraud, duress, or material mistake of fact, or that the father is not the biological father. (Emphasis added.)
When the father is not the biological father, under this statute, there is no prescriptive period for filing an action to rescind an acknowledgment. Thus, here, if Ray Faucheux can prove by clear and convincing evidence that he is not Carley's biological father, his right to rescind his acknowledgment of paternity of her has not prescribed. Accordingly, we find the trial court erred in granting the defendants' exception of prescription.

LAW AND ANALYSIS ISSUE TWO
We next address the issues of whether Ray Faucheux has a right of action and a cause of action to rescind his acknowledgement of Carley.
La. Civ.Code art. 203 provides for the acknowledgement of an illegitimate child by authentic act. While this article does not explicitly preclude an acknowledgment by a non-biological parent, this conclusion is self-evident and definitional of an acknowledgment. Succession of Robinson, 94-2229 (La.5/22/95), 654 So.2d 682; Roberts v. Franklin, 96-290 (La.App. 3 Cir. 10/9/96), 688 So.2d 1181. In addressing the same issue before us, the Louisiana Supreme Court has stated:
An acknowledgment is an avowal emanating from the "mother" or "father" to establish maternal or paternal filiation. 1 M. Planiol, Treatise on the Civil Law § 1476 (La.St.L.InSt. transl.1959). The word "filiation" describes the fact of biological parentage. La.Civ.Code arts. 193-197. Thus, through the acknowledgment, the "mother" or "father" provides proof of maternal or paternal filiation, that is, biological parentage. Absent a biological relationship, the avowal is null. "A fact cannot be avowed when it has never existed." 1 Planiol, supra, § 1490(2). If the acknowledgment is null, it produces no effects.
Succession of Robinson, 654 So.2d at 684; Rousseve v. Jones, 97-1149 (La.12/2/97), 704 So.2d 229; Roberts v. Franklin, 688 So.2d at 1182.
Thus, if a biological relationship does not exist between Ray and Carley, the acknowledgment was made in contravention of the law, is null and can produce no effects. Since Ray's petition alleges that he is not Carley's biological father, he has a cause of "action to annul the acknowledgment" of her. Rousseve v. Jones, 704 So.2d at 233.
Under La. Civ.Code art. 207, Ray has a right of action to seek to annul the acknowledgment. This article states that, "[e]very claim, set up by illegitimate children, may be contested by those who have any interest therein." Here, Ray is paying Amy Faucheux child support for Carley, accordingly, he has an interest in annulling the acknowledgment.
*240 Based on the foregoing, we find the trial court erred in finding that Ray had no cause of action and no right of action to seek to annul his acknowledgment of Carley Faucheux.
For the reasons assigned, we reverse the trial court's judgment and remand this matter for further proceedings. We order each party to bear their own costs of this appeal.
REVERSED.