I ¡.WALTER J. ROTHSCHILD, Judge.
Appellant, Gene J. Viola, Jr., appeals from a summary judgment rendered in favor of Jean and Felix Celestin ordering the release of funds deposited in the registry of the court. For the reasons stated herein, we reverse and remand.

Facts and Procedural History

On October 2, 1997, Gene Viola purchased a home located at 303 Nottoway Drive in Destrehan, Louisiana. On this same date, Mr. Viola signed a promissory note in the Parish of Jefferson, payable on demand to Jean and Felix Celestin in the amount of $25,000.00 plus interest. This note was secured with a mortgage of the Nottaway Drive home and was duly recorded. At all times pertinent herein, Gene Viola was married to Jean C. Viola, the Celestins’ daughter.
On December 30, 2003, Mr. Viola sold the home on Nottoway Drive. At that time, the Celestins attempted to collect on the note, which they alleged amounted to $34,375.00 with interest. Mr. Viola objected to the | ¡¡collection of the note on the basis that no consideration was given therefore, and the note was therefore invalid. The act of sale on the home proceeded, and the disputed sums were placed in the escrow account of the closing attorney.
On January 7, 2004, Mr. Viola filed suit in Jefferson Parish against the Celestins seeking damages for breach of contract and a declaratory judgment on the invalidity of the promissory note. The Celestins responded with an exception of improper venue, which the trial court granted, dismissing Mr. Viola’s claim without prejudice. On March 8, 2004, Mr.Viola refiled his suit for declaratory judgment and breach of contract in the 29th Judicial District Court.
On the same date, Ray Talley, the closing attorney for the Nottoway Drive home, instituted this petition for a concursus proceeding in the 29th Judicial District Court seeking to deposit into the court registry the disputed sums obtained through the sale of the house. The petition named as defendants Jean Bouterie Celestin, Felix C. Celestin and Gene J. Viola. Mr.Viola *391 moved to consolidate the concursus proceeding with his petition for damages for breach of contract and declaratory judgment. The trial court denied this motion.
On April 5, 2004, the Celestins filed a motion for summary judgment in the con-cursus proceeding contending that they were entitled to an order releasing the sums in the registry of the court as a matter of law. Mr. Viola filed an opposition to the summary judgment.- The summary judgment motion was heard by the trial court on May 10, 2004, and the court rendered summary judgment in favor of the Celestins by judgment rendered on May 13, 2004. The court further ordered the sums on deposit in the registry of the court to be released to the Celestins. Mr. Viola filed a motion for new |4trial which was denied on May 25, 2004. Mr. Viola subsequently filed this suspensive appeal.

Discussion

Appellant first contends that the trial court erred in granting summary judgment in this matter where there remain issues of fact as to whether the promissory note in this case is valid and enforceable. Appellant contends that there are legitimate questions regarding the. consideration given for the note, whether or not the note is valid, and whether or not the Celestins have any interest in the note.
The standard of review of the granting of a motion for summary judgment is de novo, using the same criteria that governs trial court’s determination of whether summary judgment is appropriate. Independent Fire Insurance Co. v. Sunbeam, 755 So.2d 226 (La.2000); Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d 342 (La.1991). Summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions and affidavits on file, demonstrate that no genuine issue as to any material fact is present and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B.
In American Bank v. Saxena, 553 So.2d 836 (La.1989), the Supreme Court held that summary judgment is the appropriate procedural device to enforce a negotiable instrument when the defendant establishes no defense against enforcement. Once the plaintiff, the holder of a promissory note, proves the maker’s signature, or the maker admits it, the holder has made out his case by mere production of the note and is entitled to recover in the absence of any further evidence. Thomas v. Bryant, 597 So.2d 1065, 1068 (La.App. 2 Cir.1992); Johnson v. Drury, 99-1071 (La.App. 5 Cir. 6/2/00), 763 So.2d 103, 109.
[¡Negotiable instruments are deemed prima facie to have been issued for valuable consideration. Once the signature of the defendant is proven the burden of proof shifts to the defendant to show that the-note was given without consideration. However, once evidence has been introduced to rebut the presumption of .consideration the burden of proof shifts back to the plaintiff to show, by a preponderance of the evidence, that there was consideration. Williamson v. Guice (La.App. 4 Cir.1993), 613 So.2d 797, 800 (La.App. 4 Cir.1993), writ denied, 617 So.2d 937 (La.1993). (citations omitted).
Applying these precepts, the court in Williamson found a promissory note in the amount of $22,000 to be null for want of consideration where defendant produced evidence that he only received $9,400 from plaintiff through wire transfers. Based on this evidence, the court found that defendant met his burden to rebut the presumption that adequate consideration was given for the note. Further, the court found that plaintiff failed to produce any evidence in the form of cancelled checks or receipts to support payment of the' $22,000 *392 stated on the promissory note. Williamson, supra.
Further, in both Malcombe v. LeBlanc, 539 So.2d 665 (La.App. 3 Cir.1989), and Ouachita National Bank in Monroe v. Gulf States Land and Development, Inc., 579 So.2d 1115 (La.App. 2 Cir.1991), writ denied, 587 So.2d 695 (La.1991), summary judgment in favor of the holder of a promissory note was defeated because the debt- or asserted a viable defense to liability on the note. In Malcombe, the debtor offered the deposition testimony of the creditor to prove an agreement that monthly payments could be made on the note, which evidence created an issue of fact as to whether the debtor was in default or whether the note was due at the time j ^alleged. Malcombe, 539 So.2d at 669-670. In Ouachita National Bank, the defendant’s allegation that the plaintiff breached an overall agreement, of which the notes were only a part, raised a genuine issue of material fact as to the question of liability on the note itself. Ouachita National Bank, 579 So.2d at 1123.
In support of their motion for summary judgment, the Celestins submitted a copy of the subject promissory note which was executed on October 2, 1997 by Gene Viola, Jr. in favor of the Celestins in the amount of $25,000.00. The question presented for our review is whether Mr. Viola asserted a valid defense to liability on this note sufficient to defeat summary judgment.
In the present case, appellant contends that there was no monetary consideration given for the note as the Celestins have alleged. In support of this position, appellant submitted the affidavits of he and his wife stating that no monetary value was received from the Celestins for the purchase of the house, and the note was executed with a suspensive condition that required Mr. and Mrs. Viola to divorce before the note became due and collectible. Appellant also submitted at the motion for new trial documentation from the closing which he alleges supports his claim that the Celestins failed to provide cash to him when the home was initially purchased. Additionally, appellant asserts that the Celestins failed to produce any evidence proving that valid consideration was given for the note. Finally, appellant contends that summary judgment was not properly granted based of allegations of fraud or misrepresentation in the execution of the note.
Although Mr. Viola admits that he signed the promissory note in favor of the Celestins, he claims he did so because his wife’s credit history was poor preventing her name from being listed on the closing documents and |7the Celestins wanted to protect her in the event of the couple’s divorce. Further, appellant alleges that the Celestins as the owner of the corporation which sold the home wanted to increase the purchase price of the home for its comparative value.
Based on the record before us, we find that Mr. Viola met his burden of rebutting the presumption that adequate consideration was given for the note. Appellant presented the affidavits of he and his wife, which both state that consideration was not given to the Celestins in exchange for the note, but that the note was given in the event Mr. and Mrs. Viola divorced, considering the fact that the home was purchased solely in the name of Mr. Viola. The record also indicates that the Celes-tins were the in-laws of Mr. Viola, and that they had an interest in the home sold to Mr. Viola. The Celestins failed to present any type of evidence, either in the form of a cancelled check, receipt or other documentation, which supports the giving of consideration in this ease. Additionally, we find that appellant’s claims of fraud and *393 misrepresentation in the execution of the note cannot be properly resolved on summary judgment. Under these circumstances, we find that there are sufficient allegations which create an issue of fact as to whether the promissory note in this case is valid and enforceable. We therefore conclude that the trial court erred in granting summary judgment in this case.
Based on our ruling herein, we need not address appellant’s argument that the trial court erred in denying his motion for new trial. However, we find merit in appellant’s contention that the trial court erred in denying Mr. Viola’s motion for consolidation.
Prior to the institution of this concursus proceeding, Gene Viola filed a petition for breach contract and declaratory judgment entitled “Gene J. Viola, Jr. v. Jean Bouter-ie Celestin, Felix C. Celestin, Jr., Lynne Fruchnicht | sand Stewart Title of Louisiana, Inc.,” bearing docket number 60,350 of the 29th Judicial District Court. Both of these lawsuits involve the same dispute and similar issues of fact and law regarding the promissory note executed on October 2, 1997. Judicial economy would be best served by the consolidation of these cases for trial and determination of the issues presented therein at the same time. La. C.C.P. art. 1561. On remand, the trial court is ordered to transfer the above-entitled matter for consolidation with Case Number 60,350, “Gene J. Viola, Jr. v. Jean Bouterie Celestin, Felix C. Celestin, Jr., Lynne Fruchnicht and Stewart Title of Louisiana, Inc.,” currently pending in section “D” of the 29th Judicial District Court.

Conclusion

Accordingly, for the reasons assigned herein, the summary judgment rendered in favor of Jean Bouterie Celestin and Felix C. Celestin and against Gene J. Viola, Jr. is hereby reversed and vacated. The case is remanded to the trial court for further proceedings consistent with this opinion, including transfer and consolidation. The Celestins shall bear all costs of this appeal.

REVERSED AND REMANDED