HANS J. LILJEBERG, Judge.
|2Pefendant, John Kelly, appeals the grant of summary judgment on liability on a promissory note in favor of plaintiff, Louis Pannagl, and intervenor, 2909 Constance Street, LLC. For the following reasons, we affirm.

Procedural History

Plaintiff, Mr. Pannagl, filed a Petition mi Note thereby instituting the instant proceedings. Defendant, Mr. Kelly, filed an Answer and Reconventional Demand, raising affirmative defenses to the note and asserting claims against Mr. Pannagl for defamation and to rescind the transfer of his membership interest in 2909 Constance Street, LLC (“Constance Street”) for lack of consideration. Subsequently, Constance Street filed a Petition of Intervention, alleging it was the holder of the promissory note. In response, Mr. Kelly filed a Third Party Demand against Constance Street alleging that the limited lia *72 bility company was liable to him on the note in the event that Mr. Kelly was found liable to Mr. Pannagl.
Thereafter, Mr. Pannagl and Constance Street filed a Motion for Partial Summary Judgment against Mr. Kelly on the note, and further sought dismissal of |sthe third party demand against Constance Street. At the conclusion of the summary judgment hearing, the trial court granted partial summary judgment in favor of Mr. Pannagl and Constance Street. The trial court further dismissed Mr. Kelly’s third party demand. Mr. Kelly’s timely appeal follows.

Facts

Mr. Kelly and Mr. Pannagl met sometime in 2006 or 2007. Mr. Kelly is a self-employed businessman, who engages in the purchase and sale of investment properties. Subsequent to their meeting, Mr. Pannagl, through his attorney’s trust account, invested sums of money, totaling approximately $300,000.00, with Mr. Kelly over several months to purchase immovable property through different entities. Mr. Kelly alleges that Mr. Pannagl sought to conceal cash from his ex-wife to obtain an advantage in their community property partition. Accordingly, Mr. Pannagl made clear that he did not want a membership interest issued to him or any documentation evidencing his investment or ownership in any property. The two men agreed they would “settle up” at a later date.
Mr. Kelly thereafter invested Mr. Pannagl’s money in two properties, 138 Lowerline and 2909 Constance Street, acquired through limited liability companies set up by Mr. Kelly aptly named 138 Lowerline, LLC and 2909 Constance Street, LLC. Pursuant to their agreement, Mr. Kelly possessed 100% membership interest in each company. In March 2009, 2909 Constance Street, LLC executed a note and mortgage in favor of Mississippi River Bank in the principal amount of $180,000.00. Mr. Kelly and Mr. Pannagl were guarantors of that note.
Mr. Kelly alleges that in late 2009, Mr. Pannagl advised him that the issues with his ex-wife were resolved and he wanted to obtain membership in 2909 LConstance Street, LLC.[1] Consequently, on December 21, 2009, Mr. Kelly assigned his 100% membership interest in 2909 Constance Street, LLC to Mr. Pannagl, wherein he also agreed to repay the Mississippi River Bank note and mortgage. The assignment stated as follows:
Mortgage Note. JOHN shall be and remains responsible for and liable to the Company and LOUIS for all payments, until paid in full, on the Multiple Indebtedness Mortgage bearing against the property of the Company located at 2909-11 Constance Street, dated March 10, 2009, in favor of Mississippi River Bank, Loan account No. 504281690001, in the original principal amount $180,000.00.
Additionally, on that date, Mr. Kelly executed a promissory note, wherein he agreed to be responsible for and pay, on behalf of 2909 Constance Street, LLC and Mr. Pannagl, the remaining principal balance on the note and mortgage in favor of Mississippi River Bank, together with interest in arrears from the date of the note on the unpaid principle balance in satisfaction of the above loan. Specifically, the promissory note stated in pertinent part:
FOR VALUE RECEIVED, John Kelly, the undersigned individual, ... un *73 conditionally promises to pay on behalf of 2909 Constance Street, LLC (“Holder”) and Louis C. Pannegl [sic], the principal sum of $174,545.66, together with interest in arrears from the date hereof on the unpaid principal balance, to Mississippi River Bank in satisfaction of Loan Account No. 504281690001.
All principal and interest of the above loan shall be paid in full within six (6) months of the execution of this Note.
Mr. Kelly, pursuant to his obligations under both the assignment and promissory note, issued checks to Mississippi River Bank each in the amount of $1,505.00 from the company bank account, which Mr. Kelly maintained after the assignment. After July 27, 2010, Mr. Kelly made no further payments to Mississippi River Bank in satisfaction of his obligations under the assignment and note. Consequently, Mr. Pannagl began making payments on the mortgage to Mississippi River Bank. When the balloon 1¡¡note on the mortgage became due on March 10, 2011, Mr. Pannagl paid the mortgage in full and received an assignment of the Mississippi River Bank note and mortgage.
Mr. Pannagl instituted the instant action against Mr. Kelly for breach of contract, interest and attorney’s fees pursuant to the assignment of membership interest, promissory note, and multiple indebtedness mortgage now held by Mr. Pannagl.

Assignments of Error

Appellant, Mr. Kelly, asserts that the trial court erroneously granted summary judgment where he sufficiently raised viable defenses to his liability on the note thereby raising genuine issues of material fact. Additionally, Mr. Kelly asserts that the trial court erroneously dismissed Mr. Kelly’s third party demand in favor of 2909 Constance Street, LLC.

Summary Judgment

Appellate courts review the granting or denial of a motion for summary judgment de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Migliore v. Gill, 11-407 (La.App. 5 Cir. 12/13/11), 81 So.3d 900, 902, writ denied, 12-94 (La.3/9/12), 84 So.3d 555; Smith v. Our Lady of the Lake Hosp., Inc., 639 So.2d 730, 750 (La.1994). Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together -with affidavits, show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Richard v. Hall, 03-1488 (La.4/23/04), 874 So.2d 131, 137. The movants, Louis Pannagl and 2909 Constance Street, LLC, have the burden of proof. La. C.C.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial, the movant need only point out to the court that there is |6an absence of factual support for one or more elements essential to the adverse party’s claim. La. C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to establish they will be able to satisfy their evidentiary burden of proof at trial, there is no genuine issue of material fact. Id. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is “material” for summary judgment purposes can be seen only in light of the substantive law applicable to the case. Richard, supra, at 137.

Law

Under the Uniform Commercial Code, a “holder” is a person who is in possession of an instrument drawn or issued to him or his order. La. R.S. 10:1-201. A negotiable instrument must (a) be signed by the maker or drawer; and (b) contain an un *74 conditional promise to pay a sum certain in money; and (c) be payable on demand or at a definite time; and (d) be payable to order or to bearer. La. R.S. 10:3-104. Unless specifically denied in the pleadings, each signature on an instrument is admitted. La. R.S. 10:3-308. When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense. Id.
In American Bank v. Saxena, 553 So.2d 836 (La.1989), the Louisiana Supreme Court held that summary judgment is the appropriate procedural device to enforce a negotiable instrument when the defendant establishes no defense against enforcement. Once the plaintiff, the holder of a promissory note, proves the maker’s signature, or the maker admits it, the holder has made out his case by mere production of the note and is entitled to recover in the absence of any further evidence. Johnson v. Drury, 99-608 (La.App. 5 Cir. 6/2/00), 763 So.2d 103, 109-110; Premier Bank, Nat’l Association v. Percomex, Inc., 615 So.2d 41 (La.App. 3rd Cir.1993); Thomas v. Bryant, 597 So.2d 1065 (La.App. 2nd Cir.1992).
17Once the plaintiff has met his burden of proof, the burden shifts to the defendant to prove the existence of a triable issue of fact. Saxena, 553 So.2d at 846. Such proof can be established through parol evidence. Johnson, 763 So.2d at 110; Scafidi v. Johnson, 420 So.2d 1113 (La.1982); Thomas, 597 So.2d at 1068. However, the evidence must be admissible as a matter of law and must consist of specific factual details. Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068 (La.App. 3rd Cir.1985) [defendant disputed the amount claimed by plaintiff, but offered no specific facts in support of his allegation]; Louisiana National Bank v. Jumonville, 563 So.2d 965 (La.App. 1st Cir.1990) [parol evidence is not admissible to vary the terms of an instrument].
In order to defeat summary judgment, the defendant must assert a valid defense to liability on the note, not separate and distinct claims that are unrelated to the question of liability. Saxena, supra at 844 [defendant admitted his debt to the plaintiff, but attempted to avoid liability by seeking tort damages from the plaintiff]; Gulf Federal Savings and Loan Association v. Nugent, 528 So.2d 782 (La.App. 3rd Cir.1988), writ denied, 533 So.2d 19 (La.1988) [factual dispute existed concerning substitution of collateral, but there was no dispute regarding the note and guaranty].
Although the defendant may have a separate, unrelated claim or reconventional demand against the holder based on fraud, deceit or misrepresentation, the separate, unrelated claim is not necessarily a defense sufficient to thwart the motion for summary judgment. Saxena, supra at 845-846. In order to successfully thwart a motion for summary judgment, a debtor must allege the defense of want or failure of consideration, and he may defend on the basis that the creditor breached its obligation to accept monthly payments or to allow prepayment of the note. Johnson, supra at 110; Malcombe v. LeBlanc, 539 |sSo.2d 665, 670 (La.App. 3rd Cir.1989); Mandella v. Russo, 294 So.2d 598, 601 (La.App. 4th Cir.1974). Other claims based on the relationship between the parties may also defeat the motion. Rosenthal v. Oubre, 504 So.2d 1102, 1105-1106 (La.App. 5th Cir.1987).
In both Malcombe v. LeBlanc, 539 So.2d 665 (La.App. 3rd Cir.1989), and Ouachita National Bank in Monroe v. Gulf States Land and Development, Inc., 579 So.2d 1115 (La.App. 2nd Cir.1991), writ denied, 587 So.2d 695 (La.1991), summary judgment in favor of the holder of a promissory note was defeated because the debtor as *75 serted a viable defense to liability on the note. In Malcombe, the debtor offered the deposition testimony of the creditor to prove an agreement that monthly payments could be made on the note, which evidence created an issue of fact as to whether the debtor was in default or whether the note was due at the time alleged. Malcombe, supra at 669-670. In Ouachita National Bank, the defendant’s allegation that the plaintiff breached an overall agreement, of which the notes were only a part, raised a genuine issue of material fact as to the question of liability on the note itself. Ouachita National Bank, supra at 1123. Similarly, in Commercial National Bank in Shreveport v. Pipe Sales of Shreveport, Inc., 600 So.2d 130, 133 (La.App. 2nd Cir.1992), writ denied, 604 So.2d 1006 (La.1992), the court reversed summary judgment in favor of the creditor because the defendant, a guarantor, raised an issue of fact as to whether the debt was legitimately contracted.

Analysis

In support of their motion for summary judgment, Mr. Pannagl and 2909 Constance Street, LLC produced and submitted the originally executed promissory note and Mr. Kelly admitted his signature on the note. As the Saxena court noted, “[wjhen signatures are admitted or established, production of the instrument disentitles the holder to recover on it unless the defendant establishes a defense.” Saxena, 553 So.2d at 842; La. R.S. 10:3-308. Therefore, the question presented for our review is whether Mr. Kelly asserted a viable defense to liability on this note sufficient to defeat summary judgment.

Consideration

First, we reject as a valid defense Mr. Kelly’s claim that he received no valuable consideration for assuming responsibility and liability on the note. Negotiable instruments are deemed prima facie to have been issued for valuable consideration. Talley v. Celestin, 04-1003 (La.App. 5 Cir. 1/11/05), 894 So.2d 389, 392. Once the signature of the defendant is proven, the burden of proof shifts to the defendant to show that the note was given without consideration. Id. However, once evidence has been introduced to rebut the presumption of consideration, the burden of proof shifts back to the plaintiff to show, by a preponderance of the evidence, that there was consideration. Id.
Although Mr. Kelly submitted an affidavit stating that nothing of value was received for his execution of the assignment of membership interest and the promissory note, Mr. Kelly’s deposition testimony reflects otherwise. Mr. Kelly admitted that Mr. Pannagl invested at least $300,000.00 in the Lowerline and Constance Street properties with a return of approximately $20,000.00 in rents from the properties. Moreover, Mr. Kelly admitted that he assigned his membership interest in 2909 Constance Street, LLC to Mr. Pannagl in an effort to make the men “square.” Furthermore, an inconsistent affidavit offered only after the motion for summary judgment is filed is not sufficient to create a genuine issue of material fact where no justification for the inconsistency is offered. Garrett v. Adcock Const. Co, 13-134 (La.App. 4 Cir. 8/14/13), 122 So.3d 1134, 1139; Hudson v. Progressive Sec. Ins. Co., 05-2648 (La.App. 1 Cir. 11/3/06), 950 So.2d 817, 820. Neither at the summary judgment hearing nor on appeal did Mr. Kelly offer any evidence or explanation that Mr. Pannagl’s $300,000.00 investment was anything other than the consideration given for his execution of the assignment and note. As such, Mr. Kelly fails to rebut the presumption that consideration was given for the note.

*76
Error

We also reject as. a valid defense Mr. Kelly’s assertion that the assignment of membership interest and promissory note were executed in error. Mr. Kelly asserts that he did not intend to transfer his interest in 2909 Constance Street, LLC and remain solely liable for payment of the company’s debts. He asserts that it was his understanding in executing the assignment and note that he would pay the Mississippi River Bank mortgage note for six months, at which time Mr. Pannagl would refinance the note without Mr. Kelly’s involvement. Mr. Kelly argues that he believed by signing the note that he was simply acknowledging his guaranty of the Mississippi River Bank note.
The Civil Code recognizes the right of individuals to freely contract. La. C.C. art. 1971; see also, Art. I, § 23 of the Louisiana Constitution of 1974. A contract is defined as “an agreement by two or more parties whereby obligations are created, modified, or extinguished.” La. C.C. art. 1906. A contract is formed by the consent of the parties. La. C.C. art. 1927. Consent may be vitiated by error, fraud, or duress. La. C.C. art. 1948. However, error vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party. La. C.C. art. 1949. A unilateral error does not vitiate consent to a contract if the cause of the error was the complaining party’s inexcusable neglect in discovering the error. Smith v. Remodeling Service, Inc., 648 So.2d 995, 999 (La.App. 5th Cir.1994).
| n Here, Mr. Kelly’s assertions of unilateral error in executing both the assignment of membership interest and promissory note are unsupported by the record. Both documents clearly and unequivocally represent and reflect that Mr. Kelly, in addition to assigning his membership interest in 2909 Constance Street, LLC, would remain solely liable and responsible for payment of the entire balance of the Mississippi River Bank loan within six months of the execution of the note. Further, evidence was admitted at the hearing that Mr. Kelly was aware of the conditions of the note prior to its execution. It is well settled that a party who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, that he did not understand it, or that the other party failed to explain it to him. Aguillard v. Auction Management Corp., 04-2804, 2857 (La.6/29/05), 908 So.2d 1, 23. Moreover, a defendant bears the burden of proving the affirmative defense of error vitiating consent. Bank of New York Trust v. Bass, 13-405, 2013 WL 6040235, at *4, (La.App. 1 Cir. 11/13/13). We find that Mr. Kelly fails to bear his burden that he executed the note in error.

Unclean Hands

Finally, we reject as a valid defense Mr. Kelly’s assertion that Mr. Pannagl’s “unclean hands” in the transaction defeats liability on the note. Mr. Kelly maintains that Mr. Pannagl invested with Mr. Kelly through his attorney’s trust account to hide community assets from his wife during ongoing domestic litigation. Therefore, Mr. Kelly asserts that Mr. Pannagl instituted this litigation with “unclean hands.”
Louisiana courts recognize the rule that every suitor who seeks relief at their hands must himself be free from any unlawful or inequitable conduct with respect to the matter or transaction in question. This rule is known in equity as the rule of 112“clean hands.” United Financial Services of Baton Rouge, Inc. v. Guste, 555 So.2d 561 (La.App. 1st Cir.1989); citing *77 Rhodes v. Miller, 189 La. 288, 179 So. 430, 432 (1938). Mr. Kelly’s application of this doctrine, however, is misplaced. The clean hands doctrine only applies when the fraud relates to the matter or transaction being asserted as a claim or defense. United Financial, supra. Even if Mr. Pannagl did not have “clean hands” with regard to his domestic litigation with his wife, Mr. Kelly has failed to allege, assert, or show that Mr. Pannagl engaged in any fraud or misrepresentation relative to the instant transaction or litigation. Therefore, the clean hands doctrine does not apply. We further note that Mr. Kelly was complicit in any scheme to defraud Mr. Pannagl’s wife by agreeing to structure the deal as the men did.
Mr. Kelly herein has failed to assert any defenses to liability on the note thereby failing to raise a genuine issue of material fact sufficient to defeat summary judgment. Accordingly, we find the trial judge properly granted partial summary judgment in favor of Mr. Pannagl and 2909 Constance Street, LLC.

Third Party Demand

Mr. Kelly asserts that the trial court erroneously dismissed his third party demand against 2909 Constance Street, LLC for reimbursement on the Mississippi River Bank mortgage note. Specifically, Mr. Kelly asserts that under suretyship principles, as a guarantor of the mortgage note, he has a right of reimbursement from the principle obligor, 2909 Constance Street, LLC.
While Mr. Kelly’s understanding of the suretyship principles is correct, his application under the instant circumstances is misplaced. In this instance, the terms of the assignment of membership interest and promissory note are controlling. In assigning his membership interest in the limited liability company and executing the promissory note in favor of the LLC and Mr. Pannagl, Mr. |,sKeIly unequivocally agreed to remain responsible for and liable to the LLC and Mr. Pannagl for all payments, until paid in full, on the mortgage note in favor of Mississippi River Bank. In doing so, Mr. Kelly assumed the obligations of 2909 Constance Street, LLC and Mr. Pannagl with respect to the Mississippi River Bank note. At that point, the status of the parties changed and Mr. Kelly became the sole obligor of the note. When Mr. Kelly defaulted on the mortgage note, Mr. Pannagl paid the balance of the mortgage note and received an assignment of the Mississippi River Bank note. Therefore, the trial court properly ruled that Mr. Kelly owes the amount due on the note to Mr. Pannagl with no right of reimbursement from the LLC.
Mr. Kelly further asserts the trial court erroneously dismissed the third party demand when an issue of fact exists as to whether he intended to release 2909 Constance Street, LLC from its obligations under the Mississippi River Bank mortgage note. Specifically, Mr. Kelly argues that in executing the two instruments, he only intended to reaffirm his surety obligations on the bank note, and did not intend to relieve the LLC from all liability under that note.
Contracts are interpreted according to the true intent of the parties. La. C.C. art. 2045; Bourgeois, Bennett, L.L.C. v. Gauthier, Downing, Labarre, Beiser & Dean, a P.L.C., 07-842 (La.App. 5 Cir. 3/11/08); 982 So.2d 124, 126. When the words of the contract are clear, unambiguous, and lead to no absurd consequence, no further interpretation may be made or consideration of extrinsic evidence be had in search of the parties’ intent and the contract must be enforced as written. La. C.C. art. 2046; Bourgeois, supra. When a contract can be construed from the four corners of the instrument, interpretation *78 of the contract presents a question of law that can be decided on summary judgment. Id.
114Again, the plain language of the assignment of membership interest and the promissory note executed by Mr. Kelly is clear and unambiguous. Mr. Kelly unconditionally promised to pay in full and remain liable for the Mississippi River Bank note on behalf of 2909 Constance Street, LLC and Mr. Pannagl. The four corners of the assignment of membership interest and promissory note, when read as a whole and in context, do not provide for a right of reimbursement by Mr. Kelly. Mr. Kelly executed both documents with full knowledge of its terms and with the assistance of counsel. Had Mr. Kelly intended to reserve his right of reimbursement, he would have either amended the documents to reflect such right or refused to execute the documents. It is clear from the two contracts that Mr. Kelly is to be solely liable on the mortgage note.
Accordingly, we find that the trial court properly dismissed Mr. Kelly’s third party demand.

Decree

Considering the foregoing, the judgment of the trial court granting partial summary judgment in favor of Louis Pannagl and 2909 Constance Street, LLC and dismissing John Kelly’s third party demand is affirmed.

AFFIRMED.

JOHNSON, J., dissents with reasons.

. Mr. Kelly alleges that Mr. Pannagl did not wish to be involved with 138 Lowerline, LLC, which owned the Lowerline property.