# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-92

DESTANY SCHEXNIDER WETTA

VERSUS

DAVID WETTA

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 201910695
HONORABLE DAVID BLANCHET, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## SHARON DARVILLE WILSON
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Candyce G. Perret, Sharon Darville Wilson, and Charles G. Fitzgerald, Judges.

**AFFIRMED.**

**Kim Reginald Hayes**
**Kim R. Hayes Law Corp. APLC**
**P. O. Drawer 369**
**Crowley, LA 70527-0369**
**(337) 785-2760**
**COUNSEL FOR PLAINTIFF APPELLEE:**
     **Destany Schexnider Wetta**

**Dean Alan Doherty**
**Cox Fitzgerald, LLC**
**405  W. Convent St.**
**Lafayette, LA 70501**
**(337) 232-7747**
**COUNSEL FOR OTHER APPELLEE:**
     **A.S. (minor)**

**Joshua D. Roy**
**Roy H. Maughan, Jr.**
**Namisha D. Patel**
**The Maughan Law Firm**
**Attorney at Law**
**634 Connell's Park Lane**
**Baton Rouge, LA 70806**
**(225) 926-8533**
**COUNSEL FOR DEFENDANT APPELLANT:**
     **David Wetta**

**WILSON, Judge.**

David Wetta filed a Petition to Revoke and Annul Act of Acknowledgement and Disavow Paternity relative to the minor child of Destany Wetta (A.S.)[1]. In response, Mrs. Wetta filed "[Liberative] and Peremptory Exceptions of Prescription." The trial court granted Mrs. Wetta's motion and dismissed Mr. Wetta's petition. Mr. Wetta appeals. For the following reasons, we affirm.

## I.

### ISSUES

We must decide:

(1) Whether [Mr. Wetta had] a cause of action pursuant to Louisiana Revised Statutes 9:406 (B) to annul the "Acknowledgment of Paternity Affidavit" he signed on November 4, 2016, on the basis that he is not the biological father of A.S.;

(2) Whether [Mr. Wetta's] cause of action pursuant to Louisiana Revised Statutes 9:406 (B) to annul the "Acknowledgment of Paternity Affidavit" he signed on November 4, 2016[,] should have been considered by the trial court;

(3) Whether [Mr. Wetta's] action to annul the "Acknowledgment of Paternity Affidavit" he signed on November 4, 2016, based on the undisputed fact that he is not the biological father of A.S. was preempted or prescribed;

(4) Whether the cause of action to annul an authentic act of acknowledgment afforded under Louisiana Revised Statutes 9:406 (B) on the basis that a person is not the biological

---

[1] Pursuant to Uniform Rules–Courts of Appeal, Rule 5-2, initials are used throughout to ensure the confidentiality of the minor.

father of the child is subject to any preemptive or prescriptive periods;

(5)     Whether, pursuant to Louisiana Revised Statutes 9:406 (B), Appellant may seek to annul the "Acknowledgment of Paternity Affidavit" he signed on November 4, 2016, when there is no biological relationship between Mr. Wetta and the minor child acknowledged in the affidavit;

(6)     Whether an "Acknowledgment of Paternity Affidavit" executed in contravention of the law (i.e. the father is not the biological parent) and is thus absolutely null can produce any effects (i.e. presumption of paternity);

(7)     Whether a presumption of paternity under La. C.C. art. 195 is created or arises when the authentic act of acknowledgement is absolutely null;

(8)     Whether the cause of action to disavow paternity is subject to any preemptive or prescriptive period under La. C.C. art. 195 when an authentic act of acknowledgment is absolutely null;

(9)     Whether Mr. Wetta's action to disavow paternity is subject to any preemptive or prescriptive period when he is not the biological father of the minor child and the authentic act of acknowledgment he signed is absolutely null [; and]

(10)    Whether Mr. Wetta should be allowed to amend his Petition to Revoke and Annul Act of Acknowledgement and Disavow Paternity should this Court affirm the trial court's ruling sustaining the Peremptory Exception of Peremption.


II.

**FACTS AND PROCEDURAL HISTORY**

Destany Schexnider Wetta, Plaintiff/Appellee, is the biological mother of a minor child (A.S.) born on June 29, 2015.  The biological father is unknown.

2

On June 2, 2016, Mrs. Wetta married David Wetta, Defendant/Appellant, and on November 4, 2016, Mr. Wetta executed an authentic act entitled Acknowledgment of Paternity Affidavit, acknowledging paternity of A.S. Mr. and Mrs. Wetta did not know each other when A.S. was conceived or even when she was born; therefore, it is clearly stipulated by both parties that Mr. Wetta is not the biological father of A.S. It is undisputed that Mr. Wetta was aware of that fact when he signed the Acknowledgment of Paternity Affidavit. It is also undisputed that A.S. is not filiated to another man.

On August 1, 2019, Mrs. Wetta filed a Petition for Divorce against Mr. Wetta. In connection with the divorce, Mrs. Wetta sought custody of A.S. and child support. On December 16, 2019, Mr. Wetta filed a Motion to Revoke and Annul Act of Acknowledgment and Disavow Paternity. In response, Mrs. Wetta filed Liberative and Peremptory Exceptions of Prescription asserting that Mr. Wetta's petition should be dismissed, with prejudice, because he failed to state a cause of action and because the action had prescribed under La. Civ. Code art. 195. On August 11, 2020, the trial court granted the exception of peremption and dismissed Mr. Wetta's motion at his cost.

III.

**STANDARD OF REVIEW**

The appellate court reviews the trial court's denial of an exception of no cause of action using the de novo standard of review because it raises an issue of law. *Cole v. Sabine Bancshares, Inc.*, 17-272 (La.App. 3 Cir. 12/6/17), 258 So.3d 641, *writ denied*, 18-19 (La. 2/23/18), 237 So.3d 1188.

> The standard of review of a grant of an exception of prescription is determined by whether evidence was adduced at the hearing of the

exception. If evidence was adduced, the standard of review is manifest error; if no evidence was adduced, the judgment is reviewed simply to determine whether the trial court's decision was legally correct. The party pleading the exception of prescription bears the burden of proof unless it is apparent on the face of the pleadings that the claim is prescribed, in which case the plaintiff must prove that it is not.

*Arton v. Tedesco*, 14-1281, p. 3 (La.App. 3 Cir. 4/29/15), 176 So.3d 1125, 1128, *writ denied*, 15-1065 (La. 9/11/15), 176 So.3d 1043 (citation omitted).

IV.

## LAW AND DISCUSSION

La.R.S. 9:406(B) v La. Civ.Code art. 195

At the core of all the issues presented to this court for review is the relationship between La.R.S. 9:406(B) Acknowledgment of Paternity Affidavit (act of acknowledgment) and La. Civ. Code art 195 Disavowal of Paternity. Mr. Wetta filed a Petition to Revoke and Annul Act of Acknowledgement and Disavowal Paternity. During the trial, the trial court Judge ruled that the court would be treating Mr. Wetta's petition as a disavowal action pursuant to La. Civ. Code art. 195. In his brief to this court, Mr. Wetta asserts that the trial court erred when it treated his petition as simply a disavowal action and disregarded the request to revoke or annul the acknowledgement of paternity affidavit.

At the trial, Mr. Wetta argued the act of acknowledgment should be revoked or annulled because he is not the biological father of A.S. Louisiana Revised Statutes 9:406(B)(1) states:

If the notarial act of acknowledgment has not been revoked within sixty days in accordance with the provisions of Subsection A of this Section, a person who executed an authentic act of acknowledgment may petition the court to annul the acknowledgment only upon proof, by clear and convincing evidence, that such act was induced by fraud, duress, material mistake of fact or error, or that the person is not the biological parent of the child.

4

In the trial court's written reasons following the trial, the trial court states that Mr. Wetta's "argument misses the point." This court agrees and rejects Mr. Wetta's argument.

Mr. Wetta's argument suggests that revoking and annulling the act of acknowledgment and the disavowal of paternity are two separate and distinct issues before the court. That is simply not the case here. Louisiana jurisprudence is clear, the court is to consider pleadings not by the caption but by the body of the document in order to ascertain their substance and to do substantial justice to the parties. *Alexander v. Blade*, 20-337 (La.App. 3 Cir. 12/16/20), 310 So.3d 232. In Mr. Wetta's petition he prays that the trial court issues a ruling "decreeing that Petitioner, is not the father of the minor child…" Mr. Wetta filed the petition after Mrs. Wetta moved for child support. It is clear to this court, as it was to the trial court, that Mr. Wetta did not simply intend to revoke or annul his act of acknowledgment but ultimately his goal was to disavow A.S. More importantly, Mr. Wetta cannot annul or revoke his act of acknowledgment without a resulting disavowal of paternity. As will be discussed below, revoking or annulling an acknowledgement of paternity affidavit would result in rebutting the presumption of paternity created by La. Civ. Code art 195. The legislature has provided laws as to how the presumption of paternity can be rebutted, which explicitly includes La.R.S. 9:406(B). Therefore, the trial court did not err in treating this matter as a disavowal action because ultimately that is the result being sought by Mr. Wetta's petition.

Louisiana Civil Code Article 195 states:

> A man who marries the mother of a child not filiated to another man and who, with the concurrence of the mother, acknowledges the child by authentic act is presumed to be the father of that child.

5

The husband may disavow paternity of the child as provided in Article 187. Revocation of the authentic act of acknowledgment alone is not sufficient to rebut the presumption of paternity created by this Article.

The action for disavowal is subject to a peremptive period of one hundred eighty days. This peremptive period commences to run from the day of the marriage or the acknowledgment, whichever occurs later.

As stated above, this article creates a presumption of paternity. Mr. Wetta argues that without a valid authentic act of acknowledgment, the presumption does not exist. Mr. Wetta argues that the act of acknowledgment is null for two reasons. He argues that the attestation clause signed by Mrs. Wetta in the act of acknowledgment was a misrepresentation of the truth because she was aware that A.S. was not the biological child of Mr. Wetta. In the trial on this matter, the trial court mentions the unclean hands doctrine and begins a discussion on whether it applies in this situation. "The clean hands doctrine, also referred to as the unclean hands doctrine, is recognized as a defense in Louisiana." *Lakewood Prop. Owners' Ass'n v. Smith*, 14-1376, 15-178, p. 19 (La.App. 4 Cir. 12/23/15), 183 So.3d 780, 792, *writ denied*, 16-138 (La. 2/26/16), 187 So.3d 469. If a person relies, in whole or in part, on any illegal or immoral act or a transaction to which he is a part, he cannot maintain an action to establish his cause of action. *Id.* He "himself [must] be free from any unlawful or inequitable conduct with respect to the matter or transaction in question." *Pannagl v. Kelly*, 13-823, p. 11 (La.App. 5 Cir. 5/14/14), 142 So.3d 70, 76. Mr. Wetta's argument that the act of acknowledgment is null because of the misrepresentation by Mrs. Wetta falls on his hands as well. Just as Mrs. Wetta was aware that he was not the biological father of A.S., so did Mr. Wetta. There is no dispute that Mr. Wetta was fully aware of his status when he too signed the same attestation clause. Therefore, Mr. Wetta's hands are not clean. This

6

argument does not work in his favor. Mr. Wetta further argues, since he is not the biological father of A.S., the act of acknowledgment is null based on the language of La.R.S. 9:406 (B)(1) and therefore the presumption created by La. Civ. Code art. 195 is rebutted.  To support his argument, Mr. Wetta also cites several cases where a party is deemed a "non-parent" after the act of acknowledgment was nullified and the presumption of paternity rebutted.[2]  However, all of the cases cited were decided prior to 2016. La. Civ. Code art. 195 was amended by Acts 2016, No. 309 to add "Revocation of the authentic act of acknowledgment alone is not sufficient to rebut the presumption of paternity created by this Article." Prior to the 2016 amendment revoking or annulling the act of acknowledgment was enough to rebut the presumption of paternity, but the legislature changed that by amending La. Civ. Code art 195.  Even though the article uses the term "revocation" when discussing the act of acknowledgment, it is implied that annulment of the act of acknowledgment is also not enough to defeat the presumption.

Mr. Wetta argues that La.R.S. 9:406(B) states two causes of action to revoke within sixty days and to annul by fraud, duress, error, or not being the biological father. The only way to revoke an act of acknowledgment is by filing an action within sixty days of the acknowledgment being signed.  As will be discussed further, La. Civ. Code art 195 provides a one hundred eighty-day peremptive period to rebut the presumption; the sixty days are included in that calculation of time. Therefore, it is clear to this court that the legislature intended the term "revocation" in article 195 to include annulment.  Otherwise the inclusion of the amendment

---

[2] *Succession of Robinson*, 94-2229, p. 4 (La. 5/22/95), 654 So.2d 682, 684; *Faucheaux v. Faucheaux*, 00-20 (La. App. 5 Cir. 10/31/00). 772 So. 2d 237,239; *Roberts v. Franklin*, 96-290 (La. App. 3 Cir. 10/9/96), 688 So. 2d 1181, 1182; *McKinley v. McKinley*, 25,365 (La.App. 2 Cir. 1/19/94), 631 So.2d 45.

would be completely futile since the sixty-day period of La.R.S. 9:406(B) was already included in the one hundred eighty days. Therefore, this court finds this argument to be without merit.

Peremption

Louisiana Civil Code Article 195 provides the way to rebut the presumption of paternity is to file a disavowal action within a peremptive period of one hundred eighty days. As previously discussed, and as pointed out by the trial court, the existence of the peremptive period in the language of the article provides context as to the intent of the legislature. Mr. Wetta correctly argues that absolute nullities are imprescriptible by nature. La. Civ. Code art. 2032. If all that was needed to rebut a presumption of paternity was to show the act of acknowledgment was null, there would be no need for a one hundred eighty-day peremptive period. Therefore, even though an authentic act of acknowledgment signed by a man who is not the biological father of the minor child is a nullity does not prescribe, La. Civ. Code art 195 contains a peremptive period within which to disavow paternity. *Borel v Young*, 989 So. 2d 42 (La. 11/27/09), discusses the difference between prescription and peremption:

> A long line of jurisprudence holds that those who enact statutory provisions are presumed to act deliberately and with full knowledge of existing laws on the same subject, with awareness of court cases and well-established principles of statutory construction, with knowledge of the effect of their acts and a purpose in view, and that when the Legislature changes the wording of a statute, it is presumed to have intended a change in the law. [cite omitted] Based on these well-established presumptions, we now examine and interpret the amended and reenacted provisions of La.Rev.Stat. § 9:5628. Peremption is a period of time fixed by law for the existence of a right, and unless timely exercised, the right is extinguished upon the expiration of the peremptive period. La. Civ.Code art. 3458. Thus, peremption is a period of time, fixed by law, within which a right must be exercised or be forever lost. [cite omitted] Consequently, peremption may not be renounced, interrupted, or suspended. La. Civ.Code art. 3461. It may, however, be

8

pleaded or supplied by the court on its own motion at any time prior to final judgment. La. Civ.Code art. 3460.

Peremption differs from prescription in several respects. While liberative prescription merely prevents the enforcement of a right by action, it does not terminate the natural obligation; peremption, however, destroys or extinguishes the right itself. [cite omitted] Public policy requires that rights to which peremptive periods attach are extinguished after passage of a specific period of time, and accordingly, nothing may interfere with the running of a peremptive period. [cite omitted] The peremptive period may not be interrupted or suspended or renounced, and exceptions such as *contra non valentem* are not applicable. [cite omitted] On the other hand, as an inchoate right, prescription may be renounced, interrupted, or suspended, and *contra non valentem* applies an exception to the statutory prescriptive period where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues.

It is not always easy to determine whether a period of time fixed by law is peremptive or prescriptive, and the determination must be made in each case in light of the purpose of the rule in question and in light of whether the intent behind the rule is to bar an action or to limit the duration of a right….

….

What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will. [cite omitted] When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the Legislature, nor shall the letter of the law be disregarded under the pretext of pursuing its spirit. La. Civ.Code art. 9; La.Rev.Stat. § 1:4; La.Code Civ. Proc. art. 5052. The plain meaning of the legislation should be conclusive.

The peremptive period commenced to run from the day Mr. and Mrs. Wetta signed the act of acknowledgment on November 4, 2016. Mr. Wetta filed his petition on August 1, 2019; therefore, the right of action to disavow paternity has extinguished since more than three years had passed before the filing of the petition. Mr. Wetta's disavowal action has indeed prescribed, and the trial court did not commit manifest error in making its decision.

Historically the legislative intent behind the earlier version of the disavowal articles reflected improper societal stigmas of "illegitimacy." However, it remains there is a state interest in protecting a child's interest. Today, the legislature, as well as the courts, recognizes the societal shift towards a more progressive definition of the family unit.

> Thus, it is well-settled that the legal father presumption should not be extended beyond its useful sphere. *Smith v. Cole,* 553 So.2d [847] at 854. The presumption was intended to protect innocent children from the stigma attached to illegitimacy and to prevent case-by-case determinations of paternity. It was not intended to shield biological fathers from their support obligations. The legally-presumed father's acceptance of paternal responsibilities, either by intent or default, does not enure to the benefit of the biological father. It is the fact of biological paternity or maternity that obliges parents to nourish their children. The biological father does not escape his support obligations merely because others may share with him the responsibility. Biological fathers are civilly obligated for the support of their offspring. They are also criminally responsible for their support.8 Id. "[T]he fact that there is a biological father capable of providing support cannot equitably be ignored," and "[t]he biological father and the mother share the support obligations of the child." Id. at 855.

*State, Dep't of Children & Family Servs. ex rel. A.L. v. Lowrie*, 2014-1025 (La. 5/5/15, 11–12); 167 So.3d 573, 582

A non-biological parent can become a legal parent. Mr. Wetta, despite being aware that he was not the biological parent, accepted the responsibility of being a parent to A.S. and, as the legislature intended, La. Civ. Code art. 195 prevents him from abandoning his commitment to A.S. at his own convenience. Therefore, this court finds all issues presented to be without merit for each of the reasons discussed above.

V.

**CONCLUSION**

10

For the foregoing reasons, the judgment of the trial court is affirmed.

Costs of this appeal are assessed to Appellant.

**AFFIRMED.**